NATIONWIDE MUTUAL FIRE INSURANCE COMPANY, Plaintiff-Appellee v. MARTIN L. BANKS, JR. and CAROLYN S. BANKS, Defendants-Appellants

No. 9310SC605

(Filed 17 May 1994)

1. **Insurance § 823 (NCI4th)— homeowner's insurance—exclusionary clause—intended damage—construction debris as fill**

An exclusion in a homeowner's insurance policy for personal liability coverage for property damage intended or expected by the insured did not apply where defendants acquired a permit from the City of Raleigh allowing them to fill the back of their lot with construction debris in an effort to level the lot; defendants had truckloads of debris dumped on their property for over two years; city employees periodically inspected the property; and Wake County informed defendants

NATIONWIDE MUT. FIRE INS. CO. v. BANKS

[114 N.C. App. 760 (1994)]

that the fill violated a county landfill ordinance as well as a statute which prevents the obstruction of a stream or actions impeding the natural drainage of the land into a stream and would have to be removed. Both the resulting injury and the volitional act must be intended for the exclusion to defendants' homeowner's insurance to apply, and defendants here contemplated nothing but a lawful build-up of their property and clearly did not intend to cause harm to the stream.

**Am Jur 2d, Insurance §§ 1504 et seq.**

**Construction and application of provision of liability insurance policy expressly excluding injuries intended or expected by insured. 31 ALR4th 957.**

2. **Insurance § 819 (NCI4th) — homeowner's insurance — personal liability coverage — exclusionary clause — property owned by insured — construction debris as fill**

An exclusion in personal liability coverage under a homeowner's policy for property owned by the insured did not apply where defendants obtained city permits and inspections, used construction debris to fill and level the back of their property, the county informed defendants that the fill violated a landfill ordinance and a statute concerning obstruction of streams or impeding drainage into streams, and the county required defendants to remove the fill. There was no actual damage or harm to defendants' property, only to the adjacent stream, which is not owned by defendants.

**Am Jur 2d, Insurance §§ 1504 et seq.**

**Construction and application of provision of liability insurance policy expressly excluding injuries intended or expected by insured. 31 ALR4th 957.**

Appeal by defendants from order entered 2 April 1993 by Judge J.B. Allen, Jr. in Wake County Superior Court. Heard in the Court of Appeals 8 March 1994.

*Bailey & Dixon, by David S. Coats, for plaintiff-appellee.*

*R. Bradley Miller for defendants-appellants.*

LEWIS, Judge.

In October 1992, plaintiff Nationwide Mutual Fire Insurance Company (hereinafter "Nationwide") brought this declaratory judg-

NATIONWIDE MUT. FIRE INS. CO. v. BANKS

[114 N.C. App. 760 (1994)]

ment action in order to define the rights of the parties under a provision of a homeowners insurance policy issued to defendants. Nationwide argues the policy does not extend coverage to or obligate them to defend an order from Wake County requiring defendants to remove several thousand truckloads of construction debris from their property. Defendants filed a counterclaim, contending that the policy applies and requires Nationwide to defend them and cover the cost of any corrective measures they may be required to take. Both parties moved for a judgment on the pleadings, and on 2 April 1993 the court allowed Nationwide's motion and denied defendants'. Defendants now appeal.

In 1985 defendants acquired a permit from the City of Raleigh allowing them to fill the back of their lot with construction debris in an effort to level their lot. For over two years defendants had truckloads of debris dumped on their property. City employees periodically inspected their property to ensure compliance with the terms of the permit. However, in November 1987 Wake County informed defendants that the fill violated a county landfill ordinance as well as N.C.G.S. § 77-14 (1993), which prevents the obstruction of a stream or actions impeding the natural drainage of the land into a stream. The County demanded that they remove the fill, stating that the City of Raleigh had no jurisdiction to issue the permit and that the permit was invalid. Estimates of the cost to remove the fill ranged from $35,000 to $100,000.

The City of Raleigh, Wake County, and defendants became involved in litigation over whether the fill was lawful or unlawful, whether defendants must remove the fill, whether the City was negligent in issuing the permit, and whether sovereign immunity would bar a negligence action against the City. Defendants notified Nationwide of the County's demand that they remove the fill, claiming liability coverage under their homeowner's policy. Nationwide then filed the present declaratory judgment action.

A judgment on the pleadings is appropriate when "the material allegations of fact are admitted in the pleadings and only questions of law remain." *Ragsdale v. Kennedy*, 286 N.C. 130, 137, 209 S.E.2d 494, 499 (1974). There is no factual dispute in the case at hand. After considering the legal questions involved, we conclude that the trial court erred in entering a judgment on the pleadings in favor of Nationwide.

NATIONWIDE MUT. FIRE INS. CO. v. BANKS

[114 N.C. App. 760 (1994)]

Both parties agree that the relevant portion of the homeowner's policy is the personal liability coverage, which provides coverage in the amount of $100,000 per occurrence. At issue in this case are two exclusions to that coverage. The policy provides that personal liability coverage (1) does not extend to property damage "which is expected or intended by the insured," and (2) does not apply to "property damage to property owned by the insured."

I.

[1] Defendants first contend that their claim for coverage cannot be excluded because of property damage "intended by the insured." This exclusion applies only if the resulting injury as well as the act were intentional. *See N.C. Farm Bureau Mut. Ins. Co. v. Stox*, 330 N.C. 697, 706, 412 S.E.2d 318, 324 (1992). According to defendants, although they intended to place the fill on their property, they did not intend to cause the harm cited by Wake County: the violation of a county landfill ordinance and the violation of section 77-14. *See* § 77-14 (stating that it is a misdemeanor to put any refuse or substances into a stream or to impede the natural and normal drainage of land into a stream). It follows that coverage should not be excluded on the basis of damage "intended by the insured."

Nationwide concedes that both the resulting injury and the volitional act must be intended for the exclusion to apply. According to Nationwide, however, the resulting injury in this case was the accumulation of debris on defendants' property. Nationwide argues that defendants clearly intended to fill their property with construction debris, and that coverage is excluded even though they did not intend to violate either a state statute or a county ordinance.

We find that this exclusion does not apply to the case at hand. The intended result, the accumulation of debris, is separate and distinct from the resulting injury, the damage to the stream. Defendants clearly did not intend to cause harm to the stream. They intended to acquire the necessary permits at the outset, and contemplated nothing but a lawful building-up of their property.

II.

[2] Defendants' second argument is that coverage cannot be excluded on the basis that the damage occurred to property owned by the insured. The actual damage is not to defendants' property, but to the stream bordering their property. Defendants distinguish

the case mentioned by Nationwide, *New Jersey Department of Environmental Protection v. Signo Trading International, Inc.*, 612 A.2d 932 (N.J. 1992). In that case the owned property exclusion applied, because the damage occurred exclusively on the owned insured's property, not on adjacent property or surface water.

According to Nationwide, the damage occurred to defendants' property because defendants must remove the debris from their property. Other jurisdictions have decided that this exclusion applies to preclude coverage for the costs of cleaning up an insured's own property. For example, in *Signo and Western World Insurance Co. v. Dana*, 765 F. Supp. 1011 (E.D. Cal. 1991), the exclusion precluded coverage for government-ordered cleanups of the insured's property. The *Signo* court held that under the clear terms of the policy, it did not cover "the costs of cleanup performed by or on behalf of an insured on its own property when those costs are incurred to alleviate damage to the insured's own property and not to the property of a third party." 612 A.2d at 938.

While these cases are similar to the case at hand in that they involve government-mandated cleanup of the insured's property, they are distinguishable because they involve actual damage to the insured's property. In *Signo*, state environmental authorities ordered the insured to clean up toxic wastes spilled on the insured's property. 612 A. 2d at 934. Toxic waste and other forms of environmental contamination are clearly harmful to the property itself as well as potentially harmful to adjacent property. *See C.D. Spangler Constr. Co. v. Industrial Crankshaft & Eng'g Co.*, 326 N.C. 133, 146, 388 S.E.2d 557, 565 (1990) (stating that environmental contamination of State's natural resources, such as groundwater and soil, constitutes property damage). *See also Bausch & Lomb, Inc. v. Utica Mut. Ins. Co.*, 625 A.2d 1021, 1036 (Md. 1993) (Maryland Court of Appeals held that expenses for removal of hazardous waste materials from an insured's property are not covered under a comprehensive general liability policy because no indication of any injury to a third party's property); *Shell Oil Co. v. Winterhur Swiss Ins. Co.*, 15 Cal. Rptr. 2d 815, 844 (Cal. Ct. App. 1993) (coverage could be precluded for response costs related to remedying contamination of soil and ground water within insured's "care, custody and control"), *review denied* (13 May 1993); *Western World*, 765 F. Supp. at 1011-12 (involving soil contamination).

NATIONWIDE MUT. FIRE INS. CO. v. BANKS

[114 N.C. App. 760 (1994)]

The case at hand is distinguishable from the cases cited by Nationwide, because there is no actual damage or physical harm to defendants' property. There is no accumulation of hazardous or toxic wastes or any sort of environmental contamination on defendants' land, but only an accumulation of debris. There is no indication that the debris in any way harms the land itself. The only damage cited is the damage to the adjacent stream, which is not owned by defendants. We conclude that coverage cannot be excluded under the "owned property" provision.

Thus, Nationwide may not deny coverage to defendants on the basis of either exclusion. Defendants did not intentionally harm their land, and they did not intentionally violate state or county law regarding streams or landfills. Nor was there any damage to defendants' property. The only actual harm here occurred to the adjacent stream. From the beginning of their venture, defendants intended to act lawfully in improving their property, and they believed that they had acquired all the necessary permits.

The judgment on the pleadings in favor of Nationwide is hereby reversed and this case is remanded for entry of judgment on the pleadings in favor of defendants.

Reversed and remanded.

Chief Judge ARNOLD and Judge COZORT concur.