No. 93–1159.  WINFIELD ET AL. v. KAPLAN ET AL.   Sup. Ct. N. C.   Certiorari denied.

JUSTICE SCALIA, with whom JUSTICE KENNEDY and JUSTICE THOMAS join, dissenting.

In Greensboro, North Carolina, a state trial court entered a preliminary injunction prohibiting antiabortion protesters from picketing, parading, marching, or demonstrating anywhere on respondent's street or within 300 feet of the center line of that street.  The North Carolina Court of Appeals affirmed and the

Supreme Court of North Carolina denied discretionary review. The protesters petitioned this Court for review. When their petition first came before us for consideration, we voted to defer disposition pending the announcement of our judgment in *Madsen* v. *Women's Health Center, Inc., ante,* p. 753, because of the similarity of the issues presented in the two cases.

In Part III–E of the *Madsen* opinion, announced today, we find unconstitutional an injunctive provision—forbidding congregating, picketing, patrolling, and demonstrating within 300 feet of the residences of respondents' employees—indistinguishable in relevant respects from the one that remains in effect in the present case. The obviously appropriate course of action, therefore, is to grant the present petition for certiorari, vacate the judgment below, and remand the cause to the North Carolina Court of Appeals for reconsideration in light of *Madsen.* That is what we ordinarily do with petitions that have been held for the decision of cases that, in the event, show the petitions to have merit.

Instead, the Court chooses to deny the petition for certiorari. The only conceivable explanation for this decision is that because the injunction presently under consideration is temporary, the North Carolina courts will have the benefit of our *Madsen* opinion when they come to decide whether a permanent injunction should issue. But if that fact alone justifies denial of the petition, we should have denied it at the outset, rather than held it pending *Madsen.*

No possible resolution of *Madsen* could have shown this case more flatly wrong than the opinion that issued. By holding the petition for *Madsen,* and then, in light of *Madsen,* letting the challenged injunction stand, we send a confusing message to the North Carolina courts. And also, of course, we leave a clear judicial abridgment of petitioners' First Amendment rights in effect. For these reasons, I dissent from the denial of certiorari.