NATIONWIDE MUTUAL FIRE INS. CO. v. JOHNSON

[121 N.C. App. 477 (1996)]

NATIONWIDE MUTUAL FIRE INSURANCE COMPANY, PLAINTIFF-APPELLANT v. DANIEL M. JOHNSON, AND BARBARA CARPENTER, ADMINISTRATRIX OF THE ESTATE OF DANIEL A. HIMES, DEFENDANTS-APPELLEES

No. COA95-292

(Filed 6 February 1996)

## 1. Insurance § 822 (NCI4th)— decedent electrocuted while operating cherry picker—coverage under homeowner's policy—coverage not barred by vehicle exclusion

Coverage for the accident in this case was not barred by the vehicle exclusion in the homeowner's insurance policy provided by plaintiff where decedent was killed when he raised the boom and cherry picker on a truck owned by the insured at the insured's home and came into contact with electrical wires; the policy excluded coverage for accidents arising out of the use of a motor vehicle, but did not exclude coverage for accidents arising out of the operation of equipment; the policy did not define motor vehicle to include equipment such as a boom and cherry picker; at the time of the accident the truck was stationary, and its motor was not engaged; the boom and cherry picker were operated independently of the truck; and the use of the equipment was a non-vehicle proximate cause of decedent's death.

**Am Jur 2d, Insurance §§ 1504 et seq.**

## 2. Insurance § 819 (NCI4th)— decedent electrocuted at employer's home—coverage not excluded under "business pursuits" provision

The "business pursuits" provision of a homeowner's policy did not exclude coverage for an accident which occurred when decedent was electrocuted while operating a boom and cherry picker attached to the insured's truck since the accident occurred at insured's home on a day when there was no work to be performed; decedent and the insured's other employees were not receiving remuneration in any form; employees often congregated at the homeowner's home and engaged in leisure activities when there was no work available; and there was no evidence to indicate that decedent was training since he represented to the insured that he knew how to use the equipment.

**Am Jur 2d, Insurance §§ 1504 et seq.**

NATIONWIDE MUTUAL FIRE INS. CO. v. JOHNSON

[121 N.C. App. 477 (1996)]

**Construction and application of "business pursuits" exclusion provision in general liability policy. 48 ALR3d 1096.**

Appeal by plaintiff from order entered 16 December 1994 by Judge Henry A. Hight, Jr. in Wake County Superior Court. Heard in the Court of Appeals 6 December 1995.

*Bailey & Dixon, L.L.P., by David S. Coats, for plaintiff-appellant.*

*Holmes & McLaurin, by Edward S. Holmes, for defendant-appellee Daniel M. Johnson.*

*Ervin, Gates & Kelso, by Winfred R. Ervin, Jr., for defendant-appellee Barbara Carpenter.*

WALKER, Judge.

On 28 October 1993 plaintiff Nationwide Mutual Fire Insurance Company (Nationwide) commenced this action to determine the rights of the parties under a homeowner's policy. Specifically, Nationwide seeks a declaration that it has no obligation under the policy for any claims brought by decedent's estate arising from the accident which occurred on the property of defendant Johnson.

On 15 September 1992 the decedent, a part-time employee of Johnson's painting company, called Johnson to see if there was any work available. After Johnson explained that there was no work to be done, decedent replied, "Well, come on up and get me, we'll do something another [sic]." Johnson then picked up the decedent and they went to a repair shop to see Johnson's newly purchased 1971 GMC truck which was equipped with a boom and cherry-picker. Later, Johnson's son drove the truck home and parked it under the power line.

Two employees were pitching horseshoes when they returned from the repair shop. The decedent climbed into the basket and began operating the boom and cherry-picker. Johnson testified that he thought the decedent was aware of the power line because he had been to Johnson's property before and the decedent reassured him that he knew what he was doing. While Johnson was inside answering a telephone call, the decedent raised the boom and cherry-picker, came in contact with a live wire, and was electrocuted.

Prior to the accident, Johnson secured a contract to paint a bridge. For the purpose of painting this bridge, Johnson purchased a 1971 GMC truck on 4 September 1992 which had a boom and cherry-picker permanently affixed to it. The cherry-picker was fueled by the truck's main gasoline tank but operated by its own motor which was bolted in the bed of the truck. Two sets of controls could be used to raise and lower the cherry-picker—one set was bolted to the back of the truck, the other set was located inside the bucket.

On the date of the accident, the truck was not registered with the Department of Motor Vehicles nor covered by motor vehicle insurance. Prior to the accident, the truck had only been driven from the repair shop to Johnson's home. When the accident occurred the truck was stationary and the truck's motor was not running.

Nationwide's sole argument on appeal is that the trial court erred in granting defendants' motion for summary judgment. Specifically, Nationwide argues that coverage for the accident is excluded under the "motor vehicle" and "business pursuits" provisions in Johnson's homeowner's policy. The policy provides coverage for claims involving bodily injury or property damage against the insured caused by an occurrence. Coverage is excluded for bodily injury or property damage arising out of the business pursuits of an insured as well as the following:

1.Coverage E—Personal Liability and Coverage F—Medical Payments to Others do not apply to bodily injury or property damage:

. . .

e. arising out of:

(1) the ownership, maintenance, use, loading or unloading of motor vehicles or all other motorized land conveyances, including trailers, owned or operated by or rented or loaned to an insured; (2) the entrustment by an insured of a motor vehicle or any other motorized land conveyance to any person (emphasis added).

Summary judgment is the device used to render judgment when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, show that there is no genuine issue as to any material fact and that any party is entitled to judgment as a matter of law. *Davis v. Town of Southern Pines*, 116 N.C.

App. 663, 665, 449 S.E.2d 240, 242 (1994), *disc. review denied,* 339 N.C. 737, 454 S.E.2d 648 (1995); N.C. Gen. Stat. § 1A-1, Rule 56 (1990). The party moving for summary judgment has the burden of showing that there is no triable issue of material fact. *Pembee Mfg. Corp. v. Cape Fear Constr. Co.,* 313 N.C. 488, 491, 329 S.E.2d 350, 353 (1985). "The movant may meet this burden by proving that an essential element of the opposing party's claim is nonexistent, or by showing through discovery that the opposing party cannot produce evidence to support an essential element of his claim. . . ." *Roumillat v. Simplistic Enterprises, Inc.,* 331 N.C. 57, 63, 414 S.E.2d 339, 342 (1992). All inferences of fact at the summary judgment hearing must be drawn against the moving party and in favor of the party opposing the motion. *Collingwood v. G.E. Real Estate Equities,* 324 N.C. 63, 66, 376 S.E.2d 425, 427 (1989).

I.

[1] Plaintiff first argues that it is entitled to summary judgment because the evidence establishes that the claim by decedent's estate arises out of "the ownership, maintenance, use, loading, or unloading of the truck, as well as the entrustment of the truck" and therefore coverage is excluded. We disagree.

The crucial issue in this case turns on a determination of the meaning given to the language "arising out of the use" in the homeowner's policy exclusion. In construing the provisions of an insurance contract, "[e]xclusionary clauses are interpreted narrowly while coverage clauses are interpreted broadly to provide the greatest possible protection to the insured." *State Capital Ins. Co. v. Nationwide Mutual Ins. Co.,* 318 N.C. 534, 542-543, 350 S.E.2d 66, 71 (1986).

In *State Capital,* the Supreme Court interpreted a similar homeowner's exclusion provision. The Court held that the homeowner's policy afforded coverage for injuries incurred when a rifle stored behind the seat of the truck discharged when the insured attempted to remove it from the vehicle. *Id.* at 547, 350 S.E.2d at 74. In reaching its decision, the Court relied on the rule of construction "that all ambiguities in exclusion provisions are construed against the insurer and in favor of coverage." *Id.* at 541, 350 S.E.2d at 70. The Court then noted that "there can be little doubt that the terms 'use' and 'loading and unloading' are ambiguous. . . ." *Id.* at 544, 350 S.E.2d at 72. In construing the policy at issue, the Court applied the following two principles:

(1) ambiguous terms and standards of causation in exclusion pro-
visions of homeowners policies must be strictly construed
against the insurer, and (2) homeowners policies provide cover-
age for injuries so long as a non-excluded cause is either the sole
or concurrent cause of the injury giving rise to liability. Stating
the second principle in reverse, the sources of liability which are
excluded from homeowners policy coverage must be the sole
cause of the injury in order to exclude coverage under the policy.

*Id.* at 546, 350 S.E.2d at 73.

The Court concluded that "when strictly construed the standard
of causation applicable to the ambiguous 'arising out of' language in
a homeowners policy exclusion is one of proximate cause." *Id.* at 547,
350 S.E.2d at 74. The Court found that the negligent mishandling of
the rifle was a non-vehicle proximate cause for which coverage was
afforded. *Id.*

In a similar case, *Nationwide Mutual Ins. Co. v. Davis*, 118 N.C.
App. 494, 455 S.E.2d 892, *disc. review denied*, 341 N.C. 420, 461
S.E.2d 759 (1995), a child exited the insured's van and was struck by
a truck while walking into a store. The homeowner's policy, like that
in the present case, excluded coverage for injuries arising out of the
use of a vehicle. *Id.* at 498-499, 455 S.E.2d at 895. This Court allowed
coverage under the policy finding that the use of the van was not the
sole proximate cause of the accident; a concurrent cause was Ms.
Davis' negligent supervision of the child when she exited the van to
enter the store. *Id.* at 501, 455 S.E.2d at 896. Thus, the Court con-
cluded that since there was a non-vehicle proximate cause, the vehi-
cle exclusion did not bar coverage under the homeowner's policy. *Id.*

Plaintiff cites *Hardware Mut. Casualty Co. v. Curry*, 21 Ill.
App.2d 343, 157 N.E.2d 793 (1959) as support for its argument that
coverage for the injuries in this case is excluded by the vehicle exclu-
sion. We find this case distinguishable. In *Curry*, the claimant was
injured while operating a winch attached to a truck. *Id.* at 346, 157
N.E.2d at 795. The homeowner's policy excluded coverage for injuries
arising out of the "ownership, maintenance or use, including loading
and unloading of (i) automobiles. . . ." *Id.* at 345, 157 N.E.2d at 795.
However, unlike the present case, the policy defined automobile as "a
land motor vehicle, trailer or semitrailer, providing the following
described equipment shall not be deemed an automobile except while
towed by or carried on a motor vehicle not so described: any farm
implement, ditch or trench digger, power crane or shovel. . . ." *Id.* at

346, 157 N.E.2d at 795. Therefore, the winch when operated as a crane was expressly defined as a motor vehicle under the policy. *Id.* at 348, 157 N.E.2d at 796.

Here, the accident occurred while the decedent was operating a boom and cherry-picker. Johnson's homeowner's policy excludes coverage for accidents arising out of the use of a motor vehicle but does not exclude coverage for accidents arising out of the operation of equipment. The policy does not define "motor vehicle" to include equipment such as a boom and cherry-picker. Accordingly, where the evidence shows that at the time of the accident the truck was stationary, its motor was not engaged, and the boom and cherry-picker was operated independently of the truck, we find that the use of the equipment was a non-vehicle proximate cause of the decedent's death. Therefore, the insurer did not exclude coverage for this kind of equipment and we conclude that coverage for this accident is not barred by the vehicle exclusion.

II.

[2]   Next, we address plaintiff's argument that summary judgment was improper because coverage is excluded under the "business pursuits" provision of the policy. The business pursuits exclusion in pertinent part provides:

> 1.Coverage E—Personal Liability and Coverage F—Medical Payments to Others do not apply to bodily injury or property damage:
>
> b.(1) arising out of or in connection with a business engaged in by an insured. This exclusion applies but is not limited to an act or omission, regardless of its nature or circumstance, involving a service or duty rendered, promised, owed, or implied to be provided because of the nature of the business.

The record shows that on the date of the accident there was no work to be performed. Decedent and the other employees were not receiving remuneration in any form. Also, Johnson explained that the employees often congregated at his house and engaged in leisure activities when there was no work available. Furthermore, there is no evidence to indicate that the decedent was training since he represented to Johnson that he knew how to operate a cherry-picker. Therefore, the record is void of any evidence indicating that the accident on 15 September arose out of business pursuits. Accordingly, we

find that the policy affords coverage in this case and we affirm the trial court's granting of summary judgment in favor of defendants.

Affirmed.

Judges JOHNSON and SMITH concur.