STATE AUTO INSURANCE COMPANIES, Plaintiff v. JULIAN McCLAMROCH and DIANNE McCLAMROCH, Defendants

No. COA97-879

(Filed 7 April 1998)

1. **Parties § 12 (NCI4th)— complaint—corporate plaintiff— umbrella organization named—proper party**

   The trial court did not err by granting summary judgment for plaintiffs and against defendants where defendants argued that "State Auto Insurance Companies" was not the proper party because the policy was issued by "State Automobile Mutual Insurance Company." State Automobile Mutual Insurance Company is a corporate division of State Auto Insurance Companies and it was proper for plaintiff to proceed under the name of its umbrella organization.

2. **Venue § 22 (NCI4th)— motion to transfer—filed after answer—waived**

   The trial court did not err by refusing to transfer venue where defendants filed their answer on 28 February 1995 and did not file the motion to change venue until 3 May 1996. The time for making the written demand is before the time for filing the answer expires and it has been explicitly held that a defendant who files an answer to the merits before raising his objection to venue waives the right. Moreover, another judge in a motion to intervene and change venue had denied the transfer and defendants had not excepted to that ruling or pursued an appeal.

**3. Insurance § 823 (NCI4th)— homeowner's insurance—abortion picketing—duty to defend**

The trial court did not err in a declaratory judgment action by determining that there was no coverage under a homeowners' policy where the policy contained an exclusion for intentional acts, which may be inferred where the act is substantially certain to result in injury. Defendants engaged in targeted residential picketing with the intent of inflicting sufficient emotional distress to coerce a doctor from engaging in legal, though controversial, activity; an intent to injure is the only logical inference. The addition of a negligence claim by the doctor for negligent infliction of emotional distress is not sufficient to invoke coverage because the amended complaint merely alleged a different characterization of the same willful act.

Appeal by defendants from orders entered 21 April 1997 and 10 March 1997 by Judge H. W. Zimmerman, Jr. in Forsyth County Superior Court. Heard in the Court of Appeals 23 February 1998.

This case arises out of *Kaplan v. Prolife Action League of Greensboro*, 347 N.C. 342, 493 S.E.2d 416 (1997). On 18 January 1994, Julian and Dianne McClamroch were sued in tort by Dr. Richard Kaplan and Marguerite Kaplan arising from defendants' pro-life picketing activities outside the Kaplans' home. The Kaplans alleged six claims: private nuisance, public nuisance, intentional infliction of emotional distress, invasion of privacy, violations of the North Carolina Racketeer-Influenced and Corrupt Organizations Act (RICO) and interference with civil rights. The Kaplans sought monetary damages and injunctive relief.

The McClamrochs have homeowners insurance protection from State Auto Insurance Companies ("State Auto"). State Auto denied coverage and declined to defend the McClamrochs. On 27 October 1994, the Kaplans amended their complaint to add a claim for negligent infliction of emotional distress. State Auto continued to deny the claim, although it subsequently retained an attorney to defend the McClamrochs under a reservation of rights.

On 28 December 1994, State Auto filed this declaratory judgment action against the McClamrochs seeking an interpretation of the policy. On 28 February 1995, the Kaplans moved to intervene and change venue to Guilford County. The trial court denied both of the Kaplans' motions, and the Court of Appeals issued an unpublished opinion

affirming the trial court's ruling. *State Auto Ins. Companies v. McClamroch*, COA95-1331 (unpublished opinion, Nov. 5, 1996).

On 3 May 1996 the McClamrochs moved to transfer venue to Guilford County. On 23 January 1997 plaintiffs moved for summary judgment. On 7 February 1997, the McClamrochs filed a cross motion for summary judgment, and in the alternative requested that the court transfer venue to Guilford County. Following a hearing, on 10 March 1997 the trial court denied the McClamrochs' motion to change venue and their cross motion for summary judgment, and granted plaintiff's motion for summary judgment on all claims. The defendants motion for reconsideration was denied on 21 April 1997. Defendants appeal.

*Kilpatrick Stockton LLP, by James H. Kelly, Jr., and Susan H. Boyles, for plaintiff-appellee.*

*Gordon & Nesbit, P.L.L.C., by Thomas L. Nesbit, for defendant-appellants.*

EAGLES, Judge.

[1] We first consider whether the trial court erred in granting summary judgment because plaintiff is not the correct party plaintiff. Defendants argue that "State Auto Insurance Companies" is not the proper plaintiff because the insurance policy being reviewed was issued by "State Automobile Mutual Insurance Company," a separate legal entity. Accordingly, defendants argue that plaintiff has not carried its burden of proving that it had standing to sue.

Plaintiff first contends that defendants failed to raise this matter in the trial court and cannot raise it for the first time on appeal. Plaintiff additionally states that the "policy was issued by State Automobile Mutual Insurance Company, which makes up one part of the 'State Auto Insurance Companies' umbrella." Plaintiff argues that the fact that it is proceeding under the name of its umbrella organization is irrelevant to the substantive issues in this case.

We hold that State Auto Insurance Companies had standing to sue. State Automobile Mutual Insurance Company is not a separate legal entity from State Auto Insurance Companies, it is a corporate division of State Auto Insurance Companies. The policy issued to the McClamrochs has a "State Auto Insurance Companies" logo on it, indicating State Automobile Mutual Insurance Company's affiliation with State Auto Insurance Companies. Accordingly, it was proper for

plaintiff to proceed under the name of its umbrella organization. The assignment of error is overruled.

[2] We next consider whether the trial court erred in refusing to transfer venue to Guilford County because Forsyth County has no connection to the case. Defendants argue that this case is the factual twin of *USAA v. Simpson*, COA 96-636 (unpublished opinion, June 3, 1996), *petition for disc. review pending*. The Simpsons are defendants in the *Kaplan* case. USAA, the Simpsons' insurer, retained a lawyer to defend the Simpsons under a reservation of rights. The insurer then sued the Simpsons, and the Simpsons moved to transfer venue to Guilford County. This court determined that the motion should have been granted and venue transferred to Guilford County. Defendants contend similarly that venue should have been transferred to Guilford County.

Plaintiff contends that there are procedural differences between this action and the *Simpson* case and that the trial court did not abuse its discretion in denying the motion to transfer venue. First, plaintiff argues that defendants did not contest venue in their answer to the complaint. *See* G.S. 1-83. Second, the Kaplans moved to transfer venue to Guilford County and that motion was denied and affirmed on appeal. The defendants had a full opportunity to participate and did not take exception to the ruling or join in the appeal. Accordingly, plaintiff argues that the ruling "became the law of the case, and Judge Zimmerman lacked authority to overrule Judge [Jerry C.] Martin's order when the McClamrochs sought to challenge venue in Forsyth County." See *Calloway v. Ford Motor Co.*, 281 N.C. 496, 502, 189 S.E.2d 484, 489 (1972).

Defendants' assignment of error fails because venue has been waived. Where a motion in writing is not made within the time prescribed by statute, defendant waives his right to object to venue. *See* G.S. 1-83; *see also Swift & Co. v. Dan-Cleve Corp.*, 26 N.C. App. 494, 216 S.E.2d 464 (1975). The plaintiff filed their complaint on 16 December 1994. Defendants filed their answer 28 February 1995. The Kaplans also filed their motion to transfer venue on 28 February 1995, but the defendants did not join in the motion. The motion was denied on 21 August 1995, and defendants did not object to or appeal from the trial court's order. Defendants' motion to change venue was not filed until 3 May 1996. "The language of the statute is clear that the time for making the written demand is before the time for filing answer expires. Moreover, our Supreme Court, interpreting this

statute, has explicitly stated that the defendant who files answer to the merits before raising his objection to venue, waives the right." *Cheek v. Higgins*, 76 N.C. App. 151, 153, 331 S.E.2d 712, 714 (1985) (citing *Teer Co. v. Hitchcock Corp.*, 235 N.C. 741, 71 S.E.2d 54 (1952)).

We cite as an alternative basis for our holding that on 21 August 1995, Judge Jerry C. Martin entered an order denying a motion to transfer venue to Guilford County. Judge Martin found that "Forsyth County is a convenient forum and that the ends of justice do not require transfer." The McClamrochs did not except to this ruling or pursue an appeal. Accordingly, it became the law of the case. The assignment of error is overruled.

[3] We next consider whether the trial court erred in granting summary judgment because plaintiff had a duty to defend or provide coverage to defendants. The defendants argue that plaintiff has a duty to defend if, when comparing the allegations of the complaint to the insurance policy, any claim is potentially covered. *See Waste Management of Carolinas, Inc. v. Peerless Ins. Co.*, 315 N.C. 688, 340 S.E.2d 374, *reh'g denied*, 316 N.C. 386, 346 S.E.2d 134 (1986). Defendants contend that the alleged claims of negligent infliction of emotional distress and property damage are covered, and require plaintiff to defend the entire action. Defendants also argue that in construing an insurance contract, the policy should be interpreted in accord with the reasonable expectations of the insured. *See Grant v. Emmco Ins. Co.*, 295 N.C. 39, 42, 243 S.E.2d 894, 897 (1978). In the present case, both defendants testified that they believed they were covered. Defendants additionally argue that the general rules of construction of an insurance policy require that exclusions be interpreted narrowly while coverage clauses must be interpreted broadly to provide the greatest possible protection to the insured. *See Nationwide Mut. Fire Ins. Co. v. Johnson*, 121 N.C. App. 477, 480, 466 S.E.2d 313, 315 (1996).

With these principles in mind, defendants argue that the insurance contract covers the claims because there was both an "occurrence" and "harm" within the meaning of the policy. Defendants first argue that there was an occurrence because the alleged harm here was accidental. *See N.C. Farm Bureau Mut. Ins. Co. v. Stox*, 330 N.C. 697, 705, 412 S.E.2d 318, 323 (1992). Defendants contend in their brief that "the fact that the McClamrochs intentionally witnessed outside the Kaplans' home is irrelevant" since the McClamrochs "did not intend to cause any harm by their legal, peaceful actions." Defendants

next argue that the harm is within the policy definitions of property damage and bodily injury. First, defendants argue that severe emotional distress is bodily injury and therefore is covered. *Fieldcrest Cannon, Inc. v. Fireman's Fund Ins. Co.*, 124 N.C. App. 232, 477 S.E.2d 59 (1996), *reh'g in part*, 127 N.C. 729, 493 S.E.2d 658 (1997). Second, defendants contend that nuisance is included within the policy definition of property damage because the allegation is that the Kaplans lost the use and enjoyment of their home. *Whiteville Oil Co., Inc. v. Federated Mut. Ins. Co.*, 889 F.Supp. 241 (E.D.N.C. 1995), *aff'd*, 87 F.3d 1310 (4th Cir. 1996). Defendants further argue that the property damage results from nuisance *per accidens*, which by definition results in property damage, and is therefore covered under the policy. *Morgan v. High Penn Oil Co.*, 238 N.C. 185, 193-94, 77 S.E.2d 682, 689 (1953).

Defendants finally argue that the expected or intended injury exclusion does not relieve State Auto of a duty to defend. Defendants argue that the exclusion only applies if both the act and the resulting injury were intentional. *Nationwide Mutual Fire Ins. Co. v. Banks*, 114 N.C. App. 760, 763, 443 S.E.2d 93, 95, *disc. review denied*, 337 N.C. 695, 448 S.E.2d 530 (1994). Defendants maintain that plaintiff cannot carry its burden of proving the applicability of this exclusion. Accordingly, defendants argue that summary judgment should be reversed.

Plaintiff first argues that the policy exclusion for intentional acts applies because defendants' repeated intentional marches and picketing were substantially certain to cause injury. Plaintiff contends that the McClamrochs knew their presence was injurious to the Kaplans when they continued picketing even after the injunction was entered against them. The injunction made it clear that the defendants were "harming the Kaplans" and that the Kaplans would suffer "irreparable harm" unless the court enjoined the McClamrochs' actions. *Kaplan v. Prolife Action League of Greensboro*, 111 N.C. App. 1, 8, 431 S.E.2d 828, 831, *dismissal allowed, disc. review denied*, 335 N.C. 175, 436 S.E.2d 379 (1993), *cert. denied sub nom., Winfield v. Kaplan*, 512 U.S. 1253, 129 L.Ed.2d 894 (1994). Plaintiff argues that the addition of the negligence claim is not sufficient to trigger coverage because the Kaplans have "recast their allegations of intentional conduct under a heading of 'negligence' " without offering any new facts. *See Eubanks v. State Farm Fire and Cas. Co.*, 126 N.C. App. 483, 485 S.E.2d 870, *disc. review denied*, 347 N.C. 265, 493 S.E.2d 452 (1997).

Plaintiff next argues that there is no coverage because the policy does not apply to the Kaplans' claims. First, plaintiff maintains that the Kaplans' claims of emotional distress without physical symptoms do not invoke coverage for bodily injury under the policy. Second, plaintiff contends that a nuisance claim does not invoke coverage for property damage under the policy because there was no damage to "tangible" property, either through physical damage or diminution in value. Third, plaintiff argues that there have been no "occurrences" as defined by the insurance contract because there was no accident. Plaintiff maintains that the McClamrochs' actions and any resulting harm cannot be considered an unintended, unforseen or unexpected event.

Finally, plaintiff argues that summary judgment was proper because a contrary ruling would contradict public policy. Plaintiff contends that public policy should not require homeowners' insurance companies to provide financial protection that would allow the defendants to picket homes and businesses without the consequences normally provided for by law.

After careful consideration of the record, briefs and contentions of both parties, we affirm. Under the intentional act exclusion:

> an insurer must demonstrate not only that the insured intended the act, but also that he intended to cause harm or injury. The rationale for this rule of law is twofold. First, the plain language of the policy is in terms of an intentional or expected injury, not an intentional or expected act. Were we to allow the argument that only an intentional act is required, we would in effect be rewriting the policy. Second, . . . many injuries result from intentional acts, although the injuries themselves are wholly unintentional.

*Stox*, 330 N.C. at 705, 412 S.E.2d at 323. However, while intent to injure is required, an intent to injure may be inferred where the act is substantially certain to result in injury. *See Henderson v. U.S. Fidelity & Guar. Co.*, 124 N.C. App. 103, 110, 476 S.E.2d 459, 464 (1996), *review allowed*, 345 N.C. 342, 483 S.E.2d 167, *aff'd*, 346 N.C. 741, 488 S.E.2d 234 (1997).

Defendants were intentionally engaged in targeted residential picketing with the intent of inflicting sufficient emotional distress to coerce Dr. Kaplan from engaging in the legal, though controversial, activity of performing abortions. An intent to injure is the only logical

conclusion to be inferred from defendants' conduct. The addition of the negligence claim is not sufficient to invoke coverage, because the amended complaint merely alleges " 'but a different characterization of the same wilful act . . . .' " *Eubanks*, 126 N.C. App. at 489, 485 S.E.2d at 873. The Kaplans have simply "recast their allegations of intentional conduct under a heading of negligence." Accordingly, we hold that the intentional acts exclusion of the insurance contract applies and summary judgment was properly granted.

In sum, because State Auto Insurance Companies is the umbrella organization of which State Automobile Mutual Insurance Company is a division, defendants' assignment of error asserting that plaintiff is not the proper party fails. The order of the trial court denying defendants' motion to transfer venue to Guilford County is affirmed. Finally, the order of the trial court granting summary judgment for plaintiff is affirmed.

Affirmed.

Judges HORTON and SMITH concur.