## A05A1874. PADGETT v. GEORGIA FARM BUREAU MUTUAL INSURANCE COMPANY.

(625 SE2d 76)

MILLER, Judge.

Georgia Farm Bureau Mutual Insurance Company (Georgia Farm) filed a complaint for declaratory judgment to determine its responsibility pursuant to an insurance policy to defend claims made against Phillip Padgett, the passenger of a vehicle involved in a collision. The trial court found that Padgett was not an insured under the insurance policy issued by Georgia Farm and granted Georgia Farm's motion for summary judgment. Padgett now appeals that ruling. We reverse.

Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. OCGA § 9-11-56 (c). We apply a de novo standard of review and view the evidence in the light most favorable to the nonmovant. *Matjoulis v. Integon Gen. Ins. Corp.*, 226 Ga. App. 459 (1) (486 SE2d 684) (1997).

So construed, the evidence showed that Alexander Caravella was injured when a vehicle he was driving collided with a vehicle driven by Eathern Walker in which Padgett was a passenger. Walker and Padgett were employed by Walker's father as construction workers. The two were returning to a job site after picking up some supplies when the collision occurred. Walker was driving a vehicle owned by his father and insured by Georgia Farm. Caravella sued Walker, Walker's father, and Padgett for injuries he sustained in the collision. Although Padgett did not own the vehicle and was merely a passenger, Caravella claimed that Padgett had negligently entrusted the vehicle to Walker. Georgia Farm filed an action for declaratory judgment to determine whether it was obligated to defend Padgett in Caravella's action against him. The trial court found that Padgett was not an insured under the policy and granted Georgia Farm's motion for summary judgment.

Georgia Farm's policy provided that

B. "Insured" as used in [the liability coverage section] means:

1. You or any "family member" for the ownership, maintenance or use of any auto or "trailer"[;]
2. *Any person using* "your covered auto"[;]
3. For "your covered auto[,]" any person or organization but only with respect to legal responsibility for acts or omissions of a person for whom coverage is offered under this Part.

(Emphasis supplied.)

Georgia Farm argues that Padgett is not an insured under the policy because he was merely a passenger at the time of the accident and therefore was not "using" the vehicle as outlined in Section 2. Georgia Farm concedes that the policy fails to define "using," but argues that the term is used synonymously with "operating" in other provisions of the policy. Padgett contends, however, that if Georgia Farm intended "using" to mean "operating," it would have employed the term "operating" in the policy provision. He further argues that because "using" is susceptible to two or more constructions, that term must be strictly construed against Georgia Farm.

In Georgia, "[w]here the terms and conditions of an insurance contract are clear and unambiguous, [such terms] must be given their literal meaning." (Citation omitted.) *Adams v. Atlanta Cas. Co.*, 235 Ga. App. 288, 289 (1) (509 SE2d 66) (1998). "An ambiguity is duplicity, indistinctness, [or] an uncertainty of meaning of expression, and a word or phrase is ambiguous when it is of uncertain meaning and may be fairly understood in more ways than one." (Citations and punctuation omitted.) *Allstate Ins. Co. v. Grayes*, 216 Ga. App. 419, 422 (3) (454 SE2d 616) (1995). "Where a term of a policy of insurance is susceptible to two or more constructions, even when such multiple constructions are all logical and reasonable, such term is ambiguous and will be strictly construed against the insurer as the drafter and in favor of the insured." (Citations omitted.) *Ga. Farm &c. Ins. Co. v. Meyers*, 249 Ga. App. 322, 324 (548 SE2d 67) (2001).

Georgia courts have not specifically addressed the question whether a passenger is "using" a vehicle he merely occupies. This Court has, however, addressed the much broader question whether an injury arises out of the "use" of a vehicle. See, e.g., *Ga. Farm &c. Ins. Co. v. Greene*, 174 Ga. App. 120, 124 (329 SE2d 204) (1985) (physical precedent only) (injury arose out of "use" of school bus where "use" includes not only transportation to and from school but also unloading of the bus); *Hartford Accident & Indem. Co. v. Booker*, 140 Ga. App. 3 (230 SE2d 70) (1976) (sanitation truck driver was "using" truck when he was struck by another motorist after unloading a garbage container); see also *Old Republic Union Ins. Co. v. Floyd*

*Beasley & Sons, Inc.*, 250 Ga. App. 673, 676-677 (1) (551 SE2d 388) (2001) (courts addressing whether injury arose out of "use" must consider the physical proximity of the injury site to the vehicle, the nature of the conduct which caused the situation of jeopardy, and whether the vehicle was being "utilized" in the plain and ordinary sense of the word). Moreover, the great majority of other jurisdictions have held that a passenger indeed "uses" a vehicle which he is occupying. See, e.g., *Aetna Life &c. Co. v. Bulaong*, 588 A2d 138, 144-145 (Conn. 1991) (a vehicle is being "used" by an individual who is traveling in it regardless of whether it is being operated by him or by another), and cases cited therein; *Indem. Ins. Co. &c. v. Metro. Cas. Ins. Co. &c.*, 166 A2d 355, 358 (N.J. 1960) (one who operates a car uses it, but one can use a car without operating it as when riding as a passenger).

Here, the policy does not define the word "using," and the terms "operate" and "occupy" are each employed in other policy provisions. Merriam-Webster's Collegiate Dictionary (11th ed. 2005) defines "use" as "utilize," "employ," or "carry out a purpose or action by means of." On the one hand, the term "use" encompasses an active role such as operating a vehicle. On the other hand, it could refer to a more passive role, such as that of a passenger employing a vehicle for transportation. Indeed, Padgett deposed that he and Walker were returning to work after picking up some supplies when the accident occurred. Since the term "using" is susceptible to two or more constructions here, it is ambiguous and should be strictly construed against Georgia Farm as the drafter of the policy, and we therefore construe "using" in favor of Padgett. Thus the trial court erred in granting summary judgment to Georgia Farm on this ground.

*Judgment reversed. Blackburn, P. J., and Bernes, J., concur.*

DECIDED DECEMBER 12, 2005.

*Brennan, Harris & Rominger, Mason White, James D. Kreyenbuhl*, for appellant.

*Dillard, Bower & Crowley, Terry A. Dillard, Killian & Boyd, Robert P. Killian, Whelchel, Brown, Readdick & Bumgartner, Bradley J. Watkins*, for appellee.