### A11A1849. HAYS v. GEORGIA FARM BUREAU MUTUAL INSURANCE COMPANY.

(722 SE2d 923)

MILLER, Judge.

Georgia Farm Bureau Mutual Insurance Company ("Georgia Farm") filed a complaint for declaratory judgment to determine its responsibility pursuant to a homeowner's insurance policy to defend James Buckbee against a lawsuit filed by Martin Hays, who was injured while Buckbee was operating his vehicle on his property. Georgia Farm and Hays filed cross-motions for summary judgment. The trial court granted Georgia Farm's motion for summary judgment and denied Hays's summary judgment motion, finding that a policy exclusion applied because Hays's bodily injury arose out of Buckbee's use of a motor vehicle. Hays filed the instant appeal to challenge the trial court's rulings. Finding no error, we affirm.

"Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. OCGA § 9-11-56 (c)." *Matjoulis v. Integon Gen. Ins. Corp.*, 226 Ga. App. 459 (1) (486 SE2d 684) (1997). We apply a de novo standard

of review and view the evidence in the light most favorable to the nonmovant. Id.

So construed, the evidence shows that, in August 2007, Buckbee and Hays attempted to lift a portable toilet onto the top of a deer stand that was located on Buckbee's property. Buckbee attached a rope to the top of the modified portable toilet, ran it through a pulley attached to the top of the deer stand, and then attached the rope to the rear of his pickup truck. Hays was standing on top of the deer stand during the attempted maneuver. When Buckbee began driving his truck forward to lift the portable toilet, the deer stand fell 20 feet to the ground, as did Hays, who sustained various injuries.

Hays subsequently filed suit against Buckbee, alleging that Buckbee negligently operated a motor vehicle and used excessive force on the pulley system. Buckbee was insured under a homeowner's policy issued by Georgia Farm. Georgia Farm filed an action for declaratory judgment to determine whether it was obligated to defend Buckbee in Hays's action against him. Georgia Farm and Hays subsequently filed cross-motions for summary judgment. In its motion for summary judgment, Georgia Farm asserted that its policy did not provide coverage for Hays's claims based upon an exclusion stating that coverage "[did] not apply to bodily injury . . . arising out of . . . the ownership, maintenance, use, loading or unloading of motor vehicles . . . owned or operated by or rented or loaned to [Buckbee]." Hays, in turn, argued that the policy exclusion did not apply, because the phrase "use . . . of a motor vehicle" in the exclusionary clause was ambiguous, and Buckbee's truck was not being used as a motor vehicle in an "ordinary" way.

The trial court granted Georgia Farm's motion for summary judgment and denied Hays's summary judgment motion, finding that Hays's claims arose out of the use of Buckbee's truck, and that, therefore, the policy exclusion applied.

1. Hays contends that the trial court's decision was erroneous since the phrase "use . . . of a motor vehicle," as used in the exclusionary clause, is ambiguous. He also asserts that the exclusionary clause did not apply because the truck was not being used as a motor vehicle, but as an external power source. We disagree.

> [I]n Georgia, insurance is a matter of contract, and the parties to an insurance policy are bound by its plain and unambiguous terms. Thus, when faced with a conflict over coverage, a trial court must first determine, as a matter of law, whether the relevant policy language is ambiguous. A policy which is susceptible to two reasonable meanings is not ambiguous if the trial court can resolve the conflicting

interpretations by applying the rules of contract construction.

(Punctuation and footnotes omitted.) *Old Republic Union Ins. Co. v. Floyd Beasley & Sons*, 250 Ga. App. 673, 675 (1) (551 SE2d 388) (2001). Where a term of a policy of insurance is susceptible to two or more reasonable constructions, and the resulting ambiguity cannot be resolved, the term will be strictly construed against the insurer as the drafter and in favor of the insured. *Padgett v. Ga. Farm &c. Ins. Co.*, 276 Ga. App. 796, 797 (625 SE2d 76) (2005). If a policy exclusion is unambiguous, however, it must be given effect "even if beneficial to the insurer and detrimental to the insured. We will not strain to extend coverage where none was contracted or intended." (Citations and punctuation omitted.) *Jefferson Ins. Co. &c. v. Dunn*, 269 Ga. 213, 216 (496 SE2d 696) (1998).

The phrase "use of a motor vehicle" is not defined in Georgia Farm's insurance policy. This Court has defined the term "use" as "to employ for some purpose." (Punctuation and footnote omitted.) *Lancer Ins. Co. v. United Nat. Ins. Co.*, 294 Ga. App. 261, 262 (668 SE2d 865) (2008). However, an "exact or bright-line definition of the term is 'elusive,' " and is "dependent to a great extent on the circumstances of the case." (Citations and punctuation omitted.) *Roberts v. Burke County School Dist.*, 267 Ga. 665, 667, 669 (482 SE2d 283) (1997). Notwithstanding the elusiveness of an exact definition of the term "use," Georgia courts have considered the much broader question whether an injury arises out of the "use" of a vehicle. See, e.g., id. (whether death of a child who was killed while walking along a heavily traveled road arose out of the "use" of a school bus which had earlier dropped him off at an unauthorized spot); *Atlanta Postal Credit Union v. Intl. Indem. Co.*, 228 Ga. App. 887 (494 SE2d 348) (1997) (whether fatal heart attack arose out of the "use" of a wrecker employed to repossess a car from the home of the deceased); *Hartford Accident &c. Co. v. Booker*, 140 Ga. App. 3 (230 SE2d 70) (1976) (whether injuries of sanitation worker who was struck by a passing vehicle while collecting garbage arose out of the "use" of his garbage truck which was parked approximately 30 feet away).

Whether an injury arose out of "use" of a motor vehicle, turns on consideration of (i) the physical proximity of the injury site to the vehicle, (ii) "the nature of the conduct which caused the situation of jeopardy," and (iii) whether the vehicle was "being 'utilized' in the plain and ordinary sense of the word." (Punctuation and footnotes omitted.) *Old Republic*, supra, 250 Ga. App. at 676-677 (1). In evaluating physical proximity, we consider more than "how close the [truck] was to the accident scene, because 'use' also embraces the notion that the person using the [truck] had control over it or that

such control was reasonably at hand." (Footnote omitted.) Id.

Applying these considerations in the instant case, we conclude that the phrase "use of a motor vehicle" was not ambiguous, and that Buckbee's truck was in "use." The evidence showed that Buckbee's truck was at or near the location of the accident, Buckbee had control of the truck at the time, and Buckbee's operation of the truck was the conduct that caused the accident. Further, Buckbee deposed that he often towed and pulled heavy objects, using the hooks on the truck's bumper. Buckbee's testimony established that the truck's utility function in this respect was an ordinary use of the truck. See *Assurance Co. of America v. Bell*, 108 Ga. App. 766, 772 (3) (134 SE2d 540) (1963) (holding that a vehicle was not in "use," within the meaning of an exclusionary clause, because it was not being utilized in its ordinary function, but was rather employed as a playpen, at the time of the accident); cf. *Booker*, supra, 140 Ga. App. at 7 (5) (holding that common sense dictated that the parties contemplated that the "use" of a garbage truck included a sanitation worker's walking down the side of the road to collect garbage). Under these circumstances, there is no doubt that the truck was in "use." See *Ivey v. First of Ga. Ins. Co.*, 209 Ga. App. 784, 785-786 (434 SE2d 556) (1993) (holding that an aircraft exclusion applied because the homeowner was using his airplane to give ground-to-air instruction to an individual flying the homeowner's airplane).

Hays relies upon cases decided by foreign jurisdictions as persuasive authority in support of his contention that the truck was being "used" not as a "motor vehicle," but as a power source. We are not persuaded since these cases are distinguishable. In both *Nationwide Mut. Fire Ins. Co. v. Johnson*, 466 SE2d 313 (N.C. Ct. App. 1996), and *Sparkman v. Highway Ins. Co.*, 266 FSupp. 197 (W.D. La. 1967), it was found that the equipment attached to trucks, rather than the trucks themselves, were the causes of accidents. See *Johnson*, supra, 466 SE2d at 316 (I) (holding that the use of a cherry-picker attached to the truck was the cause of the injury, because "the truck was stationary, its motor was not engaged, and the boom and cherry-picker was operated independently of the truck"); *Sparkman*, supra, 266 FSupp. at 205 (2) (holding that a winch system was not an "automobile" within the meaning of an insurance exclusion provision because, at the time of its use, the "truck was stationary, and its gears set so that locomotion or transportation was impossible"). In this case, there was no piece of equipment attached to Buckbee's truck that operated independently of it; rather, it was the truck itself that pulled the deer stand over.

Hays's reliance on *American Modern Home Ins. Co. v. Rocha*, 729 P2d 949 (Ariz. 1986), is also unpersuasive. In *Rocha*, the court held that an insurance exclusion provision did not apply because

there was no evidence that the vehicle was negligently driven. Id. at 950, 952. Here, however, Hays based part of his claim on Buckbee's negligent operation of the truck.

Based on the evidence presented in this case, the trial court properly found that Buckbee's truck was in "use" at the time of the accident, as that term is contemplated in Georgia Farm's exclusionary clause.

2. Hays next contends that the exclusionary clause does not apply because the truck was not the predominating cause of the accident. We disagree.

When the phrase "arising out of" is found in an exclusionary clause of an insurance policy, we apply the "but for" test traditionally used to determine cause-in-fact for tort liability. *Barrett v. Nat. Union Fire Ins. Co. &c.*, 304 Ga. App. 314, 321 (2) (696 SE2d 326) (2010). Notwithstanding tort liability theories, the underlying facts and circumstances of the claims asserted determine whether or not a policy exclusion applies, because

> [t]he exclusionary clause is focused solely upon the genesis of the underlying plaintiff's claims — if those claims arose out of the excluded acts . . . then coverage need not be provided. Claims arise out of [the] excluded conduct when "but for" that conduct, there could be no claim against the insured.

(Citations, punctuation and footnote omitted.) *Video Warehouse v. Southern Trust Ins. Co.*, 297 Ga. App. 788, 791 (1) (678 SE2d 484) (2009).

Applying the "but for" analysis to this case, we conclude that Hays's injuries would not have occurred but for Buckbee's use of his truck. Significantly, Hays deposed that the deer stand would not have fallen over, "but for" Buckbee putting the truck in gear and pressing on the accelerator to pull the rope. Because the insurance policy specifically excluded any claim "arising out of" the use of a motor vehicle, Georgia Farm had no duty to defend against Hays's claim that Buckbee negligently operated the truck.

To the extent Hays's amended complaint alleged negligence based on Buckbee's use of excessive force on the pulley system, rather than the use of his truck, it does not change the outcome of the case. The injuries which gave rise to the cause of action arose out of and were based on Buckbee's use of his truck. There was no evidence that the pulley system was defective. Consequently, the trial court correctly found that the conduct that gave rise to Hays's injuries was within the scope of the policy exclusion. See *Continental Cas. Co. v. HSI Financial Svcs.*, 266 Ga. 260, 262 (466 SE2d 4) (1996)

(holding that the coverage need not be provided even though an ancillary cause of harm was alleged, because that harm arose out of conduct that was clearly within the scope of an exclusionary clause).

Accordingly, the trial court did not err in granting summary judgment to Georgia Farm in its declaratory judgment action.

*Judgment affirmed. Ellington, C. J., and Doyle, P. J., concur.*

## DECIDED FEBRUARY 14, 2012.

*A. James Rockefeller*, for appellant.

*Sumner, Avery & Harper, Joseph C. Sumner, Jr., Sarah S. Harper, Chambliss, Higdon, Richardson, Katz & Griggs, Jon C. Wolfe*, for appellee.

