**SECOND DIVISION**
**MILLER, P. J.,**
**DOYLE, P. J., and REESE, J.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**January 16, 2018**

# In the Court of Appeals of Georgia

A17A1446. STATE FARM MUTUAL AUTOMOBILE DO-056
    INSURANCE CORPORATION v. FABRIZIO.

DOYLE, Presiding Judge.

Toni E. Fabrizio sued Dakota Briggs to recover damages resulting from injuries she sustained in an automobile collision. Fabrizio perfected service upon State Farm Automobile Insurance Company ("State Farm") in an attempt to collect uninsured/underinsured motorist ("UM") benefits, seeking coverage based on five automobile insurance policies issued to her father, Tony Foster. Fabrizio subsequently moved for summary judgment as to coverage, arguing that she was covered by the State Farm policies as a resident relative of Foster at the time of the accident, and the trial court granted the motion. State Farm appeals, arguing that the trial court erred

by misapplying the rule in *Prophecy Corp. v. Charles Rossignol, Inc.*,[1] to disregard some of Fabrizio's testimony. We agree and reverse.

"Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. OCGA § 9-11-56 (c). We apply a de novo standard of review and view the evidence in the light most favorable to the nonmovant."[2]

So viewed, the record shows that on December 19, 2013, Fabrizio was injured in an automobile accident with Briggs. She sued him, serving State Farm in its capacity as Foster's UM carrier.[3] State Farm filed an answer in its own name, denying coverage. According to the parties, State Farm issued five automobile policies to Foster, which when stacked, provide for an additional $175,000 in coverage.[4] To

---

[1] 256 Ga. 27 (343 SE2d 680) (1986).

[2] (Citation and punctuation omitted.) *Hays v. Ga. Farm Bureau Mut. Ins. Co.*, 314 Ga. App. 110, 110-111 (1) (722 SE2d 923) (2012).

[3] Fabrizio indicates on appeal that she entered into a settlement agreement with Briggs's insurer before she filed suit.

[4] The policies are not contained in the appellate record, but the parties do not dispute in this appeal the amount of coverage they provide nor their respective contents. The absence of these policies does not preclude us from resolving the issue presented on appeal.

qualify as an insured under those policies, Fabrizio must be found to be a "resident relative" of Foster at the time of the accident.[5]

In her March 17, 2015 interrogatory responses, Fabrizio identified only her three children as members of her household at the time of the accident. At her initial deposition, taken July 10, 2015, she testified that she and Foster maintained separate residences at the time of the accident, stating that she lived at 3297 Carl Sutton Road with her three children, and Foster lived in a house across the street at 3290 Carl Sutton Road. On September 13, 2015, Fabrizio executed an affidavit stating that Foster moved into the 3297 Carl Sutton Road house with her in October 2013, where they both lived at the time of the accident. Fabrizio characterized her prior deposition testimony regarding members of her household as "a mistake that [she] realized after [her] deposition . . after speaking to [Foster]." Foster also executed an affidavit, averring that he moved in with Fabrizio at the house at 3297 Carl Sutton Road in October 2013, where they both lived at the time of the accident. On November 4, 2015, State Farm took Fabrizio's deposition a second time, and she testified that she

___

[5] According to State Farm, Fabrizio also qualified as insured under one of Foster's five policies, which insured the vehicle she was operating at the time of the collision.

lived at 3297 Carl Sutton Road with her father and three children at the time of the accident.

Thereafter, Fabrizio moved for summary judgment as to the issue of residency and coverage,[6] relying upon *Prophecy*.[7] The trial court granted the motion in a single-sentence order with no explanation, simply citing *Prophecy*. This appeal followed.

State Farm argues that the trial court erred by granting summary judgment to Fabrizio because genuine issues of material fact exist regarding whether she and Foster maintained the same residence at the time of the December 19, 2013 accident. We agree.

"The rule in Georgia is that the testimony of a party who offers [herself] as a witness in [her] own behalf at trial is to be construed most strongly against [her] when it is self-contradictory, vague[,] or equivocal."[8] In *Prophecy*, the Supreme Court of Georgia announced a general rule for construing contradictory testimony made by a summary judgment respondent:

---

[6] Although styled as a "motion for summary judgment," it was in fact a partial motion for summary judgment because Fabrizio only sought a judgment as to coverage.

[7] 256 Ga. 27.

[8] (Citations and punctuation omitted.) *Prophecy*, 256 Ga. at 28 (1).

[W]hen a party has given contradictory testimony, and when that party relies exclusively on that testimony in opposition to summary judgment, a court must construe the contradictory testimony against [her]. In such a case, the court must disregard the favorable portions of the contradictory testimony and then decide whether the remaining evidence is sufficient to get by summary judgment. For purposes of the *Prophecy* rule, testimony is contradictory if one part of the testimony asserts or expresses the opposite of another part of the testimony. [However, c]ontradictory testimony is not to be construed against a party if [she] offers a reasonable explanation for the contradiction."[9]

Here, Fabrizio's affidavit testimony and her testimony at her second deposition that she lived with Foster at the time of the accident clearly conflict with her testimony at the first deposition that Foster lived in a separate residence at the time. Although the trial court did not expressly address this issue in the order granting summary judgment, the ruling in Fabrizio's favor implies it found her explanation for the contradiction to be reasonable and then disregarded her testimony given at her initial deposition pursuant to the *Prophecy* rule.

But "[t]he general rule of construing contradictory testimony against a summary judgment respondent is inapplicable here because [Fabrizio] is the

---

[9] (Citations, footnote, and punctuation omitted.) *Bradley v. Winn-Dixie Stores*, 314 Ga. App. 556, 557-558, n.8 (724 SE2d 855) (2012).

movant."[10] The burden of proof on summary judgment precludes application of the *Prophecy* rule to contradictory statements made by a party moving for summary judgment. As the Supreme Court cautioned in *Prophecy*,

> [i]t is essential to note that [the *Prophecy* rule] is a rule for construing testimony separate from those rules allocating burdens of proof at trial and on motion for summary judgment. That the rule of summary judgment places on the movant the burden of demonstrating that there are no genuine issues of fact and that [she] is entitled to judgment as a matter of law while providing that the party opposing the motion is entitled to all favorable inferences from the evidence does not suspend the application of this rule for construing testimony to summary judgment proceedings.[11]

Thus, even if the trial court determined that a reasonable explanation exists for Fabrizio's contradictory testimony, this does not permit her to effectively "erase" her own prior contradictory testimony and prevail on her own motion for summary judgment.

Therefore, Fabrizio's initial testimony regarding whether she resided with Foster at the time of the accident remains in the record, along with her own

---

[10] *Hall v. Holbrook*, 220 Ga. App. 675, 677 (1) (469 SE2d 868) (1996).

[11] *Prophecy*, 256 Ga. at 28 (1).

subsequent testimony, which together present a factual question as to whether she was a resident relative of Foster's household at the time of the accident so as to qualify for coverage under the State Farm policies at issue. This fact question must be resolved by the factfinder. Accordingly, the trial court erred by granting summary judgment to Fabrizio.[12]

*Judgment reversed. Miller, P. J., and Reese, J., concur.*

---

[12] See *Burdick v. Govt. Employees Ins. Co.*, 277 Ga. App. 391, 392-393 (626 SE2d 587) (2006); *Boston v. Allstate Ins. Co.*, 218 Ga. App. 726, 728-729 (463 SE2d 155) (1995).