A93A0190. PROGRESSIVE PREFERRED INSURANCE
COMPANY v. J. B. BROWNER et al.
(433 SE2d 401)

ANDREWS, Judge.

This action is one for declaratory judgment which appellant Progressive Preferred Insurance Company filed to determine its responsibilities under an automobile liability insurance policy issued to appellee/defendant J. B. Browner. Progressive appeals the trial court's grant of summary judgment.

Progressive filed its complaint on July 8, 1991 against J. B. Browner, Grace King Browner and Geraldine Simmons. The complaint alleged that J. B. Browner was the named insured under the liability policy issued by Progressive on May 27, 1989. According to the complaint, the policy included an endorsement which specifically excluded coverage for Browner's spouse, Grace Browner.

On or about September 8, 1989, Grace Browner was involved in an automobile accident with Geraldine Simmons. As a result of that

accident, Simmons filed a tort action against both J. B and Grace Browner.

Progressive sent the Browners a reservation of rights letter, entered a defense on the Browners' behalf, and filed the declaratory judgment action to determine whether there was coverage under its policy to Ms. Browner.

On August 16, 1991, Cotton States Mutual Insurance Company, the uninsured/underinsured motorist carrier for Simmons, moved to intervene in the action; the court subsequently granted the motion. On October 30, 1991, Cotton States moved for summary judgment, alleging that Progressive was obligated to insure Grace Browner. Cotton States claimed that at the time of the collision, Browner was driving a vehicle which was listed as an insured vehicle on the policy and that the named driver exclusion was void as against public policy. Cotton States contended that Progressive was required to provide minimum mandatory coverage for Browner. In the alternative, Cotton States argued that the policy was ambiguous and ought to be construed as providing coverage.

Progressive filed a cross-motion for summary judgment, seeking to enforce the exclusion. With its motion, Progressive filed the affidavit of an insurance agency vice president in which she identified various documents regarding Browner's policy. Attached to her affidavit was a document entitled: "ENDORSEMENT EXCLUDING SPECIFIED OPERATOR(S) AND PARTIAL REJECTION OF COVERAGE." That document states: "In consideration of the premium charged for the policy to which this endorsement is attached, it is agreed that Bodily Injury and Property Damage, Comprehensive and Collision insurance afforded by this policy shall not apply with respect to any claim arising from accidents which occur while the automobile described in the policy or any other automobile to which the terms of the policy are extended is being driven or operated, either with or without the permission of the named insurer, by: Grace, H. Browner, 53, Wife."

Below this paragraph the document further states: "[t]his endorsement is issued as a means of reducing *your* premium by ex[c]luding driver(s) who would otherwise be rated on the policy. The named insured accepts this endorsement and confirms the acceptance as witness his signature." The document is signed by J. B. Browner and dated May 27, 1988.

Also attached to the affidavit are the declarations pages on J. B. Browner's policy from May 1988 to May 1990, which list Grace Browner as a driver excluded from coverage under the policy. A second endorsement excluding Grace Browner from the policy issued on May 29, 1989.

The trial court granted Cotton States' motion for summary judg-

ment to the extent of minimum liability coverage and denied Progressive's cross-motion. In its order, the trial court, citing *Smith v. Southeastern Fidelity Ins. Co.*, 258 Ga. 15 (365 SE2d 105) (1988), found that the "policy seeks to reduce the coverage required by statute, and as such the exclusion is unenforceable." In doing so the trial court was not required to, and did not, reach the ambiguity issue. In its sole enumeration of error, Progressive argues that the trial court erred by granting Cotton States' motion for summary judgment and denying its motion. Progressive contends that the named driver exclusion in its policy was not violative of public policy.

We agree. The trial court's grant of Cotton States' motion for summary judgment and its conclusion that the named driver exclusion in this liability policy was unenforceable was erroneous. First, the express and unambiguous terms of the exclusion endorsement attached to the Progressive policy relieved the insurance company from any liability for accidents occurring while Browner's wife was driving. See *Nelson v. Southern Guaranty Ins. Co.*, 221 Ga. 804 (147 SE2d 424) (1966). The public policy of this State does not always prohibit such an exclusion endorsement. Indeed, "since Georgia law does not require liability insurance in every case, we have concluded that exclusions are not per se prohibited but must be individually evaluated to determine whether they are against public policy." *Southern Guaranty Ins. Co. v. Preferred Risk Mut. Ins. Co.*, 257 Ga. 355, 356 (359 SE2d 665) (1987).

In this case, the exclusion did not attempt to exclude coverage based on the particulars of how the accident occurred, or based on the manner of Grace Browner's driving, see *Smith*, supra; *Cotton States Mut. Ins. Co. v. Neese*, 254 Ga. 335 (329 SE2d 136) (1985); it simply removed her completely from the category of "insured." See *Patterson v. Commercial Union Ins. Co.*, 151 Ga. App. 86 (1) (258 SE2d 748) (1979). Furthermore, there is uninsured motorist coverage for the claims in this case and the public policy considerations outlined in *Cotton States Mut. Ins. Co. v. Neese*, supra, were met. See generally *Travelers Ins. Co. v. Progressive Preferred Ins. Co.*, 193 Ga. App. 864 (389 SE2d 370) (1989); compare *Stepho v. Allstate Ins. Co.*, 259 Ga. 475 (1) (383 SE2d 887) (1989). Finally, the endorsement reflects that the insured's agreement to the restrictive endorsement was supported by consideration. See *Miley v. Fireman's Fund Ins. Co.*, 176 Ga. App. 527 (336 SE2d 583) (1985); *Fountain v. Atlanta Cas. Co.*, 204 Ga. App. 165 (3) (419 SE2d 67) (1992). Given the facts of this case, the exclusion was valid.

Cotton States argues that OCGA §§ 33-34-4 and 40-9-37 mandate coverage here. We find no language in either statute which prohibits the exclusion in this situation. Similarly, for several reasons, Cotton States' reliance on *Crews v. Allstate Ins. Co.*, 188 Ga. App.

646 (373 SE2d 782) (1988) and other cases involving no-fault coverage is misplaced. See generally *Ramsdell v. State Auto Mut. Ins. Co.*, 206 Ga. App. 357 (425 SE2d 661) (1992).

Despite our conclusion that summary judgment was erroneously granted to Cotton States, we cannot conclude that summary judgment was erroneously denied to Progressive. Progressive does not counter Cotton States' argument that the policy terms and terms of the exclusion created an ambiguity. Furthermore, the Progressive insurance policy is not contained in the record and in the absence of this evidence, we are unable to reach that issue. Accordingly, in the present posture of the case, the trial court's denial of Progressive's motion for summary judgment was proper.

*Judgment affirmed in part, reversed in part. Pope, C. J., and Birdsong, P. J., concur.*

DECIDED JUNE 29, 1993 —
RECONSIDERATION DENIED JULY 16, 1993 — 

*Forrester & Brim, James E. Brim III*, for appellant.
*Greer, Klosik & Daugherty, William L. Swank II, McClure, Ramsay & Dickerson, John A. Dickerson, Dale P. Smith*, for appellees.