## A96A1848. MIDDLEBROOKS v. ATLANTA CASUALTY COMPANY.
### (476 SE2d 82)

Judge Harold R. Banke.

Charlie Middlebrooks sued Emory Tennie for injuries allegedly sustained while Tennie was driving and Middlebrooks was a passenger in Tennie's pickup truck. Tennie's insurance policy with Atlanta Casualty Company contained a named driver exclusion agreement which provided: "In consideration of the premium charged, it is hereby agreed that no coverage is afforded by this policy while any vehicle is being used, driven, operated or manipulated by or under the care, custody or control of Named Excluded Driver(s) Emory L. Tennie." Despite this agreement, Tennie sought coverage under the terms of the policy. Atlanta Casualty filed a declaratory judgment action asserting that it was not obligated to defend Tennie in Middlebrooks' lawsuit because Tennie had agreed to the exclusion. Middlebrooks appeals the trial court's determination that Atlanta Casu-

alty was not obligated to defend Tennie. *Held*:

A declaratory judgment has the force and effect of a final judgment and is reviewed in the same manner. OCGA § 9-4-2 (a); *Sunstates Refrigerated Svcs. v. Griffin*, 215 Ga. App. 61, 62 (1) (449 SE2d 858) (1994). Middlebrooks' sole enumeration is that judgment was precluded by the existence of material disputed facts. The uncontroverted evidence shows that Tennie signed the named driver exclusion. Nevertheless, Middlebrooks argues that a jury issue remains as to whether adequate consideration was given which would make the named driver exclusion enforceable. We disagree.

An insurer may reject coverage for a person expressly excluded from its policy. *Fountain v. Atlanta Cas. Co.*, 204 Ga. App. 165, 166 (1) (419 SE2d 67) (1992). Provided that the exclusion agreement is supported by consideration between the parties, the exclusion is enforceable. *Miley v. Fireman's Fund Ins. Co.*, 176 Ga. App. 527 (336 SE2d 583) (1985). The identical language of the named driver exclusion agreement at issue here was determined to be enforceable in *Atlanta Cas. Co. v. Cash*, 209 Ga. App. 123 (433 SE2d 311) (1993).

Darryl Howell, the insurance agent who sold Tennie the policy, testified that Atlanta Casualty's agreement to issue a policy to Tennie was conditioned on Tennie's consent to the named driver exclusion. Howell testified that he explained the effect of the exclusion and that Tennie agreed to the restrictions. Howell testified that he informed Tennie that in the event that Tennie was driving any of the covered vehicles, he would be excluded from coverage or a defense by Atlanta Casualty. By signing the exclusion agreement, Tennie agreed to and consented to its terms. Id. As to consideration, Atlanta Casualty agreed to issue a policy and determine the insurance premiums in exchange for Tennie's consent to the exclusion. See OCGA § 13-3-42. Howell's uncontradicted testimony and the specific contract language, "in consideration of the premium charged" demonstrate the existence of consideration. See *Wolfe v. Breman*, 69 Ga. App. 813, 817 (26 SE2d 633) (1943) (slight consideration sufficient to sustain a contract).

Where an insurance contract provision is clear and unambiguous, its interpretation is a matter for the court. OCGA § 13-2-1; *Marsh v. Chrysler Ins. Co.*, 169 Ga. App. 639, 640 (1) (314 SE2d 475) (1984); *Pacific Indem. Co. v. N.A., Inc.*, 120 Ga. App. 793, 794 (1) (172 SE2d 192) (1969). In this case, we find there was valid consideration, no ambiguity in the exclusion, and no material issue of disputed fact remaining for jury determination. See OCGA § 9-11-56 (c). Accordingly, we find no error.

*Judgment affirmed. Beasley, C. J., and Birdsong, P. J., concur.*

DECIDED SEPTEMBER 17, 1996.

*McGee & Oxford, Douglas R. Powell, Debra K. Haan*, for appellant.

*Tisinger, Tisinger, Vance & Greer, Glenn M. Jarrell*, for appellee.