A97A1720. THOMAS v. AMERICAN GLOBAL INSURANCE COMPANY.
(493 SE2d 12)

BIRDSONG, Presiding Judge.

Appellant/plaintiff Reginald B. Thomas appeals the order of the superior court granting appellee/defendant American Global Insurance Company's motion for summary judgment.

This suit arises out of injuries sustained in an automobile collision. Dwayne Thomas was visiting his mother, Jo Helen Wesley, while he was on leave from the United States Marine Corps. While at home he drove his mother's Mitsubishi automobile and was involved in an automobile collision with a car driven by appellant. Dwayne Thomas had not obtained his mother's permission to drive the Mitsubishi.

Appellee Global had issued a policy of insurance to Wesley providing liability coverage for her Mitsubishi vehicle. When notified of the accident, appellee took the position that no coverage existed for Dwayne Thomas because of the terms of a named driver exclusion signed by the insured, Wesley, and refused to defend the subsequent negligence action brought by appellant against Dwayne Thomas.

Appellant obtained a default judgment against Dwayne Thomas in the amount of $1,500,000. Apparently, Thomas then assigned his claims against appellee Global to appellant, who brought this direct action against appellee. A claim for "a tort cause of action for compensatory damages for loss of property resulting from an insurer's bad faith" may be assigned. See, e.g., *Southern Gen. Ins. Co. v. Ross*, 227 Ga. App. 191, 196 (7) (489 SE2d 53). The trial court granted appellee Global's motion for summary judgment, and appellant appeals enumerating two errors. *Held*:

1. The applicable summary judgment standard is that of *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474). But, rules of contract construction and interpretation are separate from those rules allocating burdens of proof at trial and on motion for summary judgment. *Richard Haney Ford v. Ford &c. Svcs.*, 218 Ga. App. 315, 316 (1) (b) (461 SE2d 282).

2. Appellant contends that the trial court erred by granting summary judgment because the named driver exclusion was ambiguous on its face and lacked the essential contractual elements of a specific subject matter and mutuality thereby rendering the endorsement invalid and unenforceable.

(a) The named driver exclusion is not ambiguous on its face as to the essential element of subject matter, that is, there exists no ambiguity as to which insurance policy the exclusion applies.

The entire insurance contract and the pertinent application forms should be examined in arriving at the construction of the named driver exclusion. See OCGA § 13-2-2 (4); *McGee v. Southern Gen. Ins. Co.*, 194 Ga. App. 783 (391 SE2d 669) (declaration page must be construed with remainder of the insurance contract). Moreover, " '[i]nterpretation of policy provisions which are plain and definite is a matter of law for the trial court, and a policy provision is not ambiguous even though presenting a question of construction, unless and until an application of the pertinent rules of construction leaves it uncertain as to which of two or more possible meanings represents the true intention of the parties.' " *Sapp v. State Farm Fire &c. Co.*, 226 Ga. App. 200, 201 (a) (486 SE2d 71).

The application for automobile insurance for Wesley's Mitsubishi automobile lists only Wesley as a vehicle operator; both Dwayne Thomas and his sister are listed as other residents of the household. The second page of the application, in the section pertaining to underwriting information, answers in the affirmative the question, "Is there anyone in the household you wish to exclude?" The application further contains the handwritten notation, "See exclusion agree[ment]," at the end of this question. The application is signed by Wesley. Although not identifying the policy number to which the named driver exclusion applies, the exclusion agreement unequivocally excludes both Teresa Thomas and Dwayne Thomas from coverage, which is consistent with the intent of Wesley as clearly revealed in her application for insurance for her Mitsubishi. The exclusion also reflects that both Teresa and Dwayne are "Insured under AIG 7539035," the policy pertaining to Wesley's Toyota automobile. This driver exclusion bears the form designation "DR 8906 (6/89)" in the top right-hand corner of the document. The declaration page of the Mitsubishi policy and the renewal notices issued to Wesley list among the applicable forms of the policy, DR8906, although the date of this form is not listed on the declaration page or on any of the renewal notices. Considering all pertinent insurance documents in their totality, we are satisfied that no ambiguity exists as to subject matter and that the named driver exclusion applies to Policy No. AIG 7545021, the insurance contract pertaining to Wesley's Mitsubishi. Where, as here, the terms of a written insurance contract are clear and unambiguous, the court is to look to the contract alone to find the parties' intent. *Park 'N Go &c. v. U. S. Fidelity &c. Co.*, 266 Ga. 787, 791 (471 SE2d 500). Additionally, assuming arguendo, that ambiguity had existed, applying the applicable rules of contract interpretation and construction, OCGA §§ 13-2-2 and 13-2-3, and

considering the parol evidence contained in the deposition testimony of Wesley and the affidavit and deposition testimony of the Director of Underwriting & Operations for appellee insurance company, any ambiguity would be resolved and it would become clear and unequivocal that the named driver exclusion applied to the insurance contract pertaining to Wesley's Mitsubishi automobile. Moreover, the record establishes that a cancellation notice was issued regarding insurance policy AIG7539035-01, pertaining to Wesley's Toyota, with cancellation to become effective on September 16, 1990; yet, the renewal notice pertaining to Wesley's insurance, issued December 4, 1990 on her Mitsubishi automobile still listed among the forms applicable thereto the DR8906. This particular extrinsic evidence would serve to explain that the DR8906, named driver exclusion, did not pertain to the insurance policy issued on the Toyota but rather pertained to the insurance policy issued on the Mitsubishi. While contract construction generally is the exclusive duty of the court, without resort to extrinsic evidence, after the application of pertinent rules of contract construction to the contract, extrinsic evidence becomes admissible to explain any remaining ambiguity. *Holcomb v. Word,* 239 Ga. 847, 848 (238 SE2d 915). Moreover, parol evidence is admissible to explain an ambiguity in a written contract, although such evidence is inadmissible to add to, take from, or vary the writing itself. *Andrews v. Skinner,* 158 Ga. App. 229, 230 (279 SE2d 523).

(b) The named driver exclusion is not ambiguous on its face as to the essential element of mutuality. Having concluded that the named driver exclusion is not ambiguous as to subject matter or even if ambiguous initially that such ambiguity is resolved by applying the statutory rules of contract construction and interpretation, we find it clear from examining the insurance contract in its totality that the parties mutually assented to the inclusion of the named driver exclusion, pertaining to Teresa and Dwayne Thomas, as a part of the contract of insurance issued to Wesley as to her Mitsubishi automobile. There remaining no ambiguity and the policy being clear as to its terms, we look only as to these terms in ascertaining the intent of the parties. *Park 'N Go &c.,* supra; the mutual intent of both the insurer and the insured, Wesley, was that the policy of insurance on the Mitsubishi would include a named driver exclusion, excluding both Teresa and Dwayne Thomas from coverage under that policy.

3. Appellant further contends that the trial court erred by granting summary judgment because the named driver exclusion was void as against public policy. See *Cotton States Mut. Ins. Co. v. Neese,* 254 Ga. 335 (329 SE2d 136) (policy provision excluding liability coverage where insured is attempting to avoid apprehension or arrest); but compare *Middlebrooks v. Atlanta Cas. Co.,* 222 Ga. App. 785 (476 SE2d 82); *Atlanta Cas. Co. v. Cash,* 209 Ga. App. 123 (1) (433 SE2d

311), citing *Fountain v. Atlanta Cas. Co.*, 204 Ga. App. 165, 167 (3) (419 SE2d 67); compare *Progressive Preferred Ins. Co. v. Browner*, 209 Ga. App. 544 (433 SE2d 401); see discussion Jenkins & Miller, Ga. Auto. Ins. Law including Tort Law (1996 ed.), § 12-9 (named driver exclusion).

This issue, as enumerated, is not preserved for appeal. Contrary to the claim in appellant's brief that this issue has been adequately preserved, examination of appellant's pertinent citations to the record reveals that this issue was not raised in proper form in the trial court before the motion for summary judgment was granted. Compare *Venture Design, Ltd. v. Original Appalachian Artworks*, 197 Ga. App. 432, 434 (3) (398 SE2d 781) (invalidity of indemnity agreement as contrary to public policy not properly raised before the trial court so issue not considered on appeal). In this case, the issue of public policy was not properly raised for judicial determination until appeal. After summary judgment is granted to a movant, a nonmovant may not raise an argument or defense not asserted in the trial court. *Malaga Mgmt. Co. v. John Deere Co.*, 208 Ga. App. 764, 766 (4) (431 SE2d 746). Moreover, as a general rule, a party must stand or fall upon the position taken in the trial court. See, e.g., *Bell v. Sellers*, 248 Ga. 424, 426 (1) (283 SE2d 877); there exists no compelling reason to depart from these general rules in this case.

Additionally, even assuming appellant had properly and timely raised the issue of public policy before the trial court, his second enumeration of error, as crafted, does not reasonably raise an issue whether the named driver exclusion was only partially unenforceable, that is, unenforceable only to the extent that it would not provide liability coverage in the amount required by the financial responsibility law of this State when there exists no other uninsured motorist coverage for the claims of the injured party against the excluded driver. See generally *Cotton States*, supra; Ga. Auto. Ins. Law, supra. Because this issue is beyond the reasonable scope of appellant's enumeration of errors, it would not have been preserved for appeal even had it been timely raised before the trial court. *Krebsbach v. State*, 209 Ga. App. 474, 475 (2) (433 SE2d 649), cases cited therein and progeny.

*Judgment affirmed. Eldridge, J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED OCTOBER 14, 1997 —
RECONSIDERATION DENIED NOVEMBER 3, 1997 — 

*Simpson, Gray & Cross, Ralph F. Simpson, Joseph I. Carter*, for appellant.

*Young, Thagard, Hoffman, Scott & Smith, Daniel C. Hoffman,* for appellee.