A98A0402. ISON et al. v. STATE FARM FIRE & CASUALTY
COMPANY.
(496 SE2d 478)

JOHNSON, Judge.

Marvin Ison, B & I Glass Company, Inc., and Julia Mae Williams appeal from the trial court's grant of summary judgment to State Farm Fire & Casualty Company in this declaratory judgment action.

Ison, as president of B & I Glass Company, applied for an automobile liability insurance policy with State Farm. George Harrell, an employee of B & I Glass, did not qualify as an insured driver for coverage under a State Farm policy. In consideration for the premium

paid, State Farm issued an insurance policy specifically excluding Harrell from coverage. Ison, aware that coverage was specifically excluded for Harrell, nevertheless allowed Harrell to drive a company vehicle on August 31, 1991. While operating this vehicle owned by B & I Glass on that date, Harrell struck and killed Emery Williams. Julia Mae Williams, the surviving widow, filed the underlying suit against Ison and B & I Glass from which this declaratory judgment action arises.

Ison argues that the trial court erred in granting State Farm's motion for summary judgment because a genuine issue of material fact remains as to whether the named driver exclusion violates public policy under the facts and circumstances of this case. "An insurer may reject coverage for a person expressly excluded from its policy. Provided that the exclusion agreement is supported by consideration between the parties, the exclusion is enforceable." (Citations omitted.) *Middlebrooks v. Atlanta Cas. Co.*, 222 Ga. App. 785, 786 (476 SE2d 82) (1996). Appellants concede that the named driver exclusion in the policy at issue in this case is specific and supported by consideration.

This Court has previously held that named driver exclusions which are clear, unambiguous and supported by consideration are enforceable and not violative of public policy and the compulsory insurance laws of this state. *Atlanta Cas. Co. v. Cash*, 209 Ga. App. 123 (433 SE2d 311) (1993); *Fountain v. Atlanta Cas. Co.*, 204 Ga. App. 165 (419 SE2d 67) (1992). Because the provision in the policy issued by State Farm clearly and unambiguously excluded Harrell, its interpretation is a matter for the court. *Middlebrooks*, supra; OCGA § 13-2-1. See *Hurst v. Grange Mut. Cas. Co.*, 266 Ga. 712, 716 (4) (470 SE2d 659) (1996).

Appellants' reliance on *Cotton States Mut. Ins. Co. v. Neese*, 254 Ga. 335 (329 SE2d 136) (1985) and *Stepho v. Allstate Ins. Co.*, 259 Ga. 475 (383 SE2d 887) (1989) is misplaced. These cases and their progeny have considered whether various exclusions were void for public policy reasons in light of the availability of other insurance to injured innocent parties. See *State Farm Mut. Auto. Ins. Co. v. Drawdy*, 217 Ga. App. 236, 237 (2) (456 SE2d 745) (1995) (lack of notice to insurer exclusion enforceable because injured party had access to uninsured motorist coverage); *Auto-Owners Ins. Co. v. Jackson*, 211 Ga. App. 613, 614 (1) (440 SE2d 242) (1994) (intentional damage exclusion not void in light of available uninsured motorist coverage); *Travelers Ins. Co. v. Progressive Preferred Ins. Co.*, 193 Ga. App. 864 (389 SE2d 370) (1989) (unlicensed driver exclusion upheld because injured third party had access to other insurance coverage). Georgia cases specifically construing named driver exclusions, however, have enforced the exclusions without requiring an inquiry into the availability of other

insurance to the injured party. Perhaps this is because a named driver exclusion is analogous to there being no policy at all with respect to the named excluded driver; conversely, the other exclusions address behavior of the insured (or a permissive driver) who has a direct connection with an existing policy. See *Progressive Preferred Ins. Co. v. Browner*, 209 Ga. App. 544 (433 SE2d 401) (1993). In any event, the trial court did not err in finding as a matter of law that no coverage is available under this policy because Harrell was the subject of a named driver exclusion.

*Judgment affirmed. Birdsong, P. J., and Smith, J., concur.*

DECIDED JANUARY 22, 1998 —
RECONSIDERATION DENIED FEBRUARY 12, 1998 ▮▮▮▮▮▮▮▮▮

*Williams, Sammons & Sammons, Walter G. Sammons, Jr., Mincey & Green, Thomas M. Green, Robert E. Lanyon*, for appellants.

*Martin, Snow, Grant & Napier, Jay C. Traynham, Lisa Edwards*, for appellee.