A98A1660. ADAMS et al. v. ATLANTA CASUALTY COMPANY.
(509 SE2d 66)

Judge Harold R. Banke.

Atlanta Casualty Company ("Atlanta Casualty") filed a declaratory judgment action to ascertain whether it had any duty to defend or provide coverage for Willie Alvin Adams, Jr. After the trial court found in favor of Atlanta Casualty, Willie A. Adams, Sr., Willie A. Adams, Jr., and General Accident Insurance Company of America ("General Accident") commenced this appeal.

The underlying case arose after Theresa Adams, with the express authorization of Adams, Sr., completed an insurance application on his behalf which contained a "NAMED DRIVER EXCLUSION AGREEMENT" expressly "supersed[ing] and exclud[ing] from the policy any contrary provision[s]." In two separate places on the

application, the names of Adams, Jr. and his sister appear as excluded drivers notwithstanding the fact that one line was left blank. Mrs. Adams admitted that it was her intent to exclude Adams, Jr. from coverage under the policy, and that it was her understanding that he had been excluded. By not including the children on the policy, Mrs. Adams was able to procure a policy from Atlanta Casualty at a reduced premium.

Shortly after Mrs. Adams submitted the application, Adams, Jr. became involved in an automobile accident involving a third party. Upon receiving a report of this accident, Atlanta Casualty notified its policyholder, Adams, Sr., that it would investigate under a complete reservation of rights. About ten days later, Atlanta Casualty sent notice to him that no coverage existed because of the named driver exclusion.

After a third party filed suit against Adams, Jr., that party's uninsured motorist carrier, General Accident, defended Adams, Jr. It is undisputed that Atlanta Casualty was not notified about the tort suit until over a year after it was filed. Nearly two years after denying coverage, while the applicability of the exclusion remained in dispute, Atlanta Casualty advised its policyholder that it had assigned the defense of Adams, Jr. to a specified law firm and that Atlanta Casualty would pay the attorney fees and expenses incurred. Later, Atlanta Casualty decided not to assume and conduct any defense because General Accident was doing so. General Accident paid the expenses of defending the action and paid the $1,105.18 judgment entered against Adams, Jr.

When Atlanta Casualty proceeded with its declaratory judgment action, General Accident, Adams, Sr. and Adams, Jr. counterclaimed seeking damages for Atlanta Casualty's failure to assume and conduct a defense for Adams, Jr. The trial court determined that the named driver exclusion was enforceable and that Atlanta Casualty had no duty to defend Adams, Jr. or to pay any judgment on his behalf. This Court reversed, finding that no justiciable controversy existed to support the trial court's jurisdiction because Atlanta Casualty had denied coverage prior to filing suit. *Adams v. Atlanta Cas. Co.*, 225 Ga. App. 482, 485 (1) (484 SE2d 302) (1997). We held, however, that the coverage issues relating to the counterclaims were not moot. Id. at 485-486. Upon remand, the trial court found the named driver exclusion to be enforceable and rejected the arguments that Atlanta Casualty had waived or was estopped from asserting its coverage defense. *Held*:

1. The trial court did not err in determining that the named driver exclusion unambiguously excluded Adams, Jr.

Where the terms and conditions of an insurance contract are clear and unambiguous, they must be given their literal meaning.

*United States Fire Ins. Co. v. Capital Ford &c.*, 257 Ga. 77, 79 (1) (355 SE2d 428) (1987). Although ambiguous exclusions may be construed liberally in favor of the insured and strictly construed against the insurer, this cannot be done when the exclusion is clear and unequivocal. *United Services Auto. Assn. v. Lail*, 192 Ga. App. 487, 489 (1) (385 SE2d 424) (1989).

Named driver exclusions, like the one here, which are clear, unambiguous and supported by consideration are enforceable and do not violate public policy or compulsory insurance laws. *Ison v. State Farm Fire &c.*, 230 Ga. App. 554, 555 (496 SE2d 478) (1998); see *Fountain v. Atlanta Cas. Co.*, 204 Ga. App. 165, 166 (1) (419 SE2d 67) (1992). Because the provision at issue clearly and unambiguously excluded Adams, Jr., its interpretation was a matter for the court. *Middlebrooks v. Atlanta Cas. Co.*, 222 Ga. App. 785, 786 (476 SE2d 82) (1996).

2. The trial court was not required to determine whether Adams, Jr. was a permissive driver or knew that the policy excluded him. Having agreed to exclude Adams, Jr. from the policy, the policyholder cannot effectively revoke that exclusion by asserting that Adams, Jr. was a "permissive user" entitled to coverage. *Ison*, 230 Ga. App. at 556.

3. Atlanta Casualty did not waive its right to deny coverage and is not estopped from denying coverage. Atlanta Casualty provided written notice by certified mail that it was reserving its rights under the policy. Moreover, as a general rule, neither waiver nor estoppel may be used to create coverage under a policy of liability insurance except where an insurer assumes and conducts the defense without a reservation of rights. *Prescott's Altama Datsun v. Monarch Ins. Co. &c.*, 253 Ga. 317, 318 (319 SE2d 445) (1984); *Andrews v. Ga. Farm Bureau Mut. Ins. Co.*, 226 Ga. App. 316, 317 (487 SE2d 3) (1997). Here, Atlanta Casualty did not retain counsel, file pleadings, or conduct a defense on behalf of Adams, Jr. Moreover, no evidence has been offered to demonstrate how General Accident's participation in the tort case prejudiced Adams, Jr.'s defense. *Prescott's Altama Datsun*, 253 Ga. at 319.

*Judgment affirmed. Johnson, P. J., and Smith, J., concur.*

DECIDED OCTOBER 30, 1998 — RECONSIDERATION DENIED NOVEMBER 16, 1998

*Clark & Clark, Fred S. Clark*, for appellants.
*Brennan, Harris & Rominger, Edward R. Stabell III*, for appellee.