A99A1337. EMPIRE FIRE & MARINE INSURANCE COMPANY
v. STATE FARM FIRE & CASUALTY COMPANY.
(525 SE2d 741)

MILLER, Judge.

This case arose from a motor vehicle collision that involved Troy Daniel and Chukwudi Chukwuma. Daniel, a passenger in a vehicle insured by Empire Fire & Marine Insurance Company, sued Chukwuma for damages as a result of the collision. Following a default judgment against Chukwuma, the trial court added State Farm Fire & Casualty Company, as a party defendant, as the insurer of the vehicle that Chukwuma operated.

The owner of the vehicle that Chukwuma drove admitted that for the sum of $50 per week, he rented the vehicle to Chukwuma.

Based on this admission, State Farm denied coverage for the vehicle under the "rented to others" exclusion of the insurance policy and moved for summary judgment. Empire denied Daniel's claim for uninsured motorist coverage and also moved for summary judgment. The trial court granted State Farm's motion for summary judgment and denied Empire's, which rulings Empire appeals.

Summary judgment is proper only when no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law.[1] Applying the de novo standard of review to an appeal from a grant of summary judgment, we must view the evidence, and all reasonable conclusions and inferences drawn from it, in the light most favorable to the nonmoving party.[2]

Empire contends that State Farm is not entitled to summary judgment because the "rented to others" exclusion does not apply in this case. Because the plain language of the insurance contract states otherwise, we affirm.

The exclusion provides: "THERE IS NO COVERAGE: 1. WHILE ANY VEHICLE INSURED UNDER THIS SECTION IS: a. RENTED TO OTHERS OR USED TO CARRY PERSONS FOR A CHARGE."

"Where the terms and conditions of an insurance contract are clear and unambiguous, they must be given their literal meaning."[3] Here, the policy excludes from coverage any vehicle that is rented to others for a charge. Because both Chukwuma and the owner of the vehicle that Chukwuma operated admit that the vehicle was rented to Chukwuma for $50 per week, it is undisputed that the vehicle was rented for a charge. Based on the express terms of the exclusion provision in the policy, there was no coverage provided for the vehicle that Chukwuma operated. The trial court did not err in granting summary judgment to State Farm.[4]

Because we hold that there was no coverage under the policy issued by State Farm, it follows that the trial court properly denied Empire's motion for summary judgment as the uninsured motorist carrier.

*Judgment affirmed. Blackburn, P. J., and Ellington, J., concur.*

DECIDED NOVEMBER 18, 1999 —
RECONSIDERATION DENIED DECEMBER 9, 1999.

*Michael L. Wetzel*, for appellant.

---

[1] OCGA § 9-11-56 (c).
[2] *Matjoulis v. Integon Gen. Ins. Corp.*, 226 Ga. App. 459 (1) (486 SE2d 684) (1997).
[3] *Adams v. Atlanta Cas. Co.*, 235 Ga. App. 288, 289 (1) (509 SE2d 66) (1998).
[4] See *Burnette v. Ga. Life &c. Ins. Co.*, 190 Ga. App. 485 (1) (379 SE2d 188) (1989).

*John T. Croley, Jr.*, for appellee.