A05A0180. CRAWFORD v. HAUSNER & SONS HOUSEMOVERS
et al.
(615 SE2d 173)

MILLER, Judge.

Scott Crawford sued Hausner & Sons Housemovers and its owners (Hausner), Bituminous Casualty Corporation (Bituminous), and United Claims of Georgia, Inc. (United Claims), for damages sustained to a house being moved from one location to another. Bituminous moved for summary judgment, claiming that it had no duty to provide insurance coverage for the move, and the trial court granted this motion. In the same order, the trial court dismissed United Claims as a defendant. Crawford appeals from this order.[1] We discern no error and affirm.

On appeal from the grant or denial of a motion for summary judgment, we conduct a de novo review of the law and evidence, viewing the evidence in the light most favorable to the nonmovant, to determine whether a genuine issue of material fact exists and whether the moving party was entitled to judgment as a matter of law. *Holbrook v. Stansell*, 254 Ga. App. 553, 553-554 (562 SE2d 731) (2002).

So viewed, the evidence reveals that Crawford hired Hausner to move his house from one location to another. During the move, the house was damaged. Crawford attempted to recover his losses from Bituminous, Hausner's insurer. In his attempt to recover for his losses, Crawford also engaged in negotiations with United Claims, believing that the company was acting on behalf of Bituminous.

Bituminous filed for summary judgment and for a declaration that there was no insurance coverage for Crawford's move. In doing so, Bituminous relied on the following exclusion contained in its insurance policy with Hausner: "The actual value of any item to be moved must be agreed to in writing, before any move commences. Failure to determine the value prior to the move shall void the insurance coverage for that move." It is undisputed that Crawford and Hausner did not agree in writing to the value of Crawford's house prior to the move.

The trial court granted summary judgment to Bituminous and dismissed United Claims from the case, prompting Crawford to appeal.

1. Crawford claims that the trial court erred in granting summary judgment to Bituminous. However, the undisputed evidence

---

[1] The trial court also ruled that Crawford could still pursue his claims directly against Hausner. Hausner is not a party to this appeal.

reveals that the unambiguous policy exclusion applies here. Crawford and Hausner did not agree in writing to the value of Crawford's house prior to the move. As such, there was no insurance coverage for the move as a matter of law. See, e.g., *Caldwell v. State Farm &c. Ins. Co.*, 192 Ga. App. 419, 421 (2) (385 SE2d 97) (1989); *Suntrust Mtg. v. Ga. Farm &c. Ins. Co.*, 203 Ga. App. 40, 42 (416 SE2d 322) (1992). The trial court properly granted summary judgment to Bituminous.[2] *Caldwell*, supra, 192 Ga. App. at 421 (2).

2. Crawford argues that the trial court erred in dismissing United Claims from the case. We disagree.

The evidence reveals that United Claims was not affiliated with Bituminous as an insurer. The company was merely an independent appraiser that had been hired by Bituminous to do such work. As such, United Claims would not be a proper party to Crawford's lawsuit against Bituminous. See OCGA § 9-2-20. Even if United Claims had been an insurer affiliated with Bituminous, as we held in Division 1, there was no coverage here as a matter of law. We find no error in the trial court's dismissal of United Claims from the case. See OCGA § 9-11-21.

*Judgment affirmed. Blackburn, P. J., and Bernes, J., concur.*

DECIDED MAY 20, 2005.

*Leonard Danley*, for appellant.

*Bach, Dewberry & Hipes, John C. Bach, Stephany L. Zaic, Bovis, Kyle & Burch, John H. Peavy, Jr., Lane, O'Brien & Caswell, Stephen J. Caswell*, for appellees.

---

[2] To the extent that Crawford claims that the trial court erred by denying him the opportunity to depose an insurance executive who could explain the meaning of the policy exclusion, such claim is without merit. Crawford cannot present parol evidence to explain the unambiguous terms of a written contract. See *Thomas v. American Global Ins. Co.*, 229 Ga. App. 107, 108 (2) (a) (493 SE2d 12) (1997). The policy exclusion here applies to bar Crawford's claim, and his inability to depose an insurance executive on inadmissible matters does nothing to change this result.