**THIRD DIVISION**
**MILLER, P. J.,**
**RAY and BRANCH, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed. (Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008) http://www.gaappeals.us/rules/**

**October 19, 2012**

# In the Court of Appeals of Georgia

A12A0821.    KOVACS    v.    CORNERSTONE    NATIONAL INSURANCE COMPANY.

MILLER, Presiding Judge.

Joseph Kovacs sued Joshua Lockhart to recover damages that Kovacs sustained when he was struck by a vehicle driven by Lockhart. Cornerstone National Insurance Company ("Cornerstone") had issued an automobile insurance policy covering Lockhart's mother and the vehicle involved in the accident. Cornerstone filed a declaratory judgment action with the trial court seeking a determination that it was not required to provide coverage for the accident since Lockhart was excluded from coverage under the policy. Cornerstone filed a motion for summary judgment on the issue, which the trial court granted. Kovacs appeals the trial court's ruling. We agree with Kovacs that the trial court erred in finding that the non-permissive user

exclusion barred coverage. We nevertheless affirm the trial court's grant of summary judgment to Cornerstone because the evidence shows that the unlisted household resident exclusion applied in this case.

> Summary judgment is appropriate if the pleadings and evidence "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." OCGA § 9–11–56 (c). On appeal from the grant or denial of summary judgment, we conduct a de novo review, with all reasonable inferences construed in the light most favorable to the nonmoving party. A grant of summary judgment must be affirmed if right for any reason, whether stated or unstated. It is the grant itself that is to be reviewed for error, and not the analysis employed.

(Footnote omitted.) *Alston & Bird LLP v. Mellon Ventures II, L.P.*, 307 Ga. App. 640 (706 SE2d 652) (2011).

So viewed, the evidence shows that Lockhart entered into an agreement with his uncle to purchase a vehicle and paid a deposit pursuant to that agreement. Before Lockhart paid the entire amount of the negotiated price, his uncle delivered the vehicle to Lockhart's mother. Thereafter, Lockhart's mother added the vehicle to her existing insurance policy with Cornerstone. At the time, Lockhart was 17 years old and living at his mother's residence. Although Lockhart's mother was required to list all household residents of age 15 years and older, and certified that she included all individuals meeting that criteria, the mother failed to include Lockhart on the

2

Cornerstone insurance application. Lockhart's mother acknowledged that failing to disclose to Cornerstone any household resident of age 15 years or older would jeopardize her insurance coverage.

When the insurance policy was issued to cover the vehicle, Lockhart had a learner's permit and not a driver's license. Lockhart's mother expressly told Lockhart that he was not to drive the vehicle at all until he received his driver's license. Despite not having a valid driver's license and knowing that he did not have his mother's permission to drive the vehicle, Lockhart drove the vehicle with a licensed driver in July 2009, striking Kovacs as he was walking across the street.

Kovacs subsequently filed suit against Lockhart, seeking damages for his injuries. Cornerstone sought a declaratory judgment that its policy excluded liability coverage for Lockhart's use of the vehicle. Cornerstone filed a motion for summary judgment, asserting that the policy excluded coverage for Kovacs's injuries because Lockhart was not a permissive user of the insured vehicle according to the language of the policy, and because Lockhart was not listed on the policy as a household resident over the age of 15 years. The trial court granted Cornerstone's motion for summary judgment on the basis of the non-permissive user exclusion since Lockhart did not have his mother's permission to use the vehicle.

1. Kovacs contends that the trial court erred in granting summary to Cornerstone, because the non-permissive user exclusion did not apply. We agree.

> [I]n Georgia, insurance is a matter of contract, and the parties to an insurance policy are bound by its plain and unambiguous terms. Thus, when faced with a conflict over coverage, a trial court must first determine, as a matter of law, whether the relevant policy language is ambiguous. A policy which is susceptible to two reasonable meanings is not ambiguous if the trial court can resolve the conflicting interpretations by applying the rules of contract construction. Where a term of a policy of insurance is susceptible to two or more reasonable constructions, and the resulting ambiguity cannot be resolved, the term will be strictly construed against the insurer as the drafter and in favor of the insured. If a policy exclusion is unambiguous, however, it must be given effect even if beneficial to the insurer and detrimental to the insured. We will not strain to extend coverage where none was contracted or intended.

(Citations and punctuation omitted.) *Hays v. Ga. Farm Bureau Mut. Ins. Co.*, 314 Ga. App. 110, 111-112 (1) (722 SE2d 923) (2012).

The Cornerstone policy provided that it would pay damages for bodily injury for which an insured person becomes legally responsible. Under the policy, an "insured person" was defined, in pertinent part, as the named insured "or a relative with respect to an accident arising out of the . . . use of a covered vehicle[.]" A "relative" included any "person residing in the same household as [the insured] and related to [the insured] by blood[.]" However, the policy contained a non-permissive

4

user exclusion stating that coverage did not apply to "[b]odily injury . . . arising out of . . . the operation, maintenance or use of a covered vehicle that is without the express or implied permission of the *owner*." (Emphasis supplied.)

Although Lockhart was living with his mother at the time of the accident, and thus, was a relative under the policy, the trial court concluded that the non-permissive user exclusion applied to bar coverage since Lockhart did not have his mother's permission to use the vehicle. Pretermitting Lockhart's argument that he had permission to use the vehicle based on his claimed ownership of the vehicle, the evidence shows that the non-permissive user exclusion did not apply because his mother was not the "owner" of the vehicle.

By its plain terms, the non-permissive user exclusion applied only when the vehicle was used without the "owner's" permission. Notably, the policy defined an "owner" as any person who (a) held legal title to the vehicle; (b) had legal possession of the vehicle that was subject to a written security agreement with an original term of six months or more; or (c) had legal possession of the vehicle that was leased to that person under a written security agreement for a continuous period of six months or more. Lockhart's mother testified that she did not own the vehicle, and that, at the time of the accident, a family friend still retained legal title to the vehicle. Nor does

5

the evidence show that Lockhart or his mother possessed the vehicle subject to a written security agreement or lease. Consequently, neither Lockhart nor his mother met the definition of an "owner" under the policy, and there is no evidence as to whether the family friend gave Lockhart permission to use the insured vehicle. Had Cornerstone, as the drafter of the policy, wished to exclude coverage for use of a vehicle without the *insured's* permission, it should have done so. See *Rutledge v. Auto-Owners Ins.*, 249 Ga. App. 361, 363 (1) (548 SE2d 86) (2001). Consequently, the trial court erred when it granted summary judgment to Cornerstone on the ground that the non-permissive user exclusion applied to bar coverage.

2. Cornerstone contends that the trial court's judgment is nevertheless due to be affirmed because a separate policy exclusion barred coverage for unlisted household residents. We agree.

Although the trial court's reason for granting Cornerstone's motion for summary judgment was erroneous, we may still affirm the trial court's judgment if it is right for any reason. See *Nat. Tax Funding v. Harpagon Co.*, 277 Ga. 41, 45 (4), (586 SE2d 235) (2003) (a judgment of a lower court may be affirmed so long as it is right for any reason); *City of Gainesville v. Dodd*, 275 Ga. 834, 835, 838-839 (573 SE2d 369) (2002) (appellate courts may exercise discretion as to when to follow the

6

"right for any reason" rule and consider grounds not addressed by the trial court).

Since the factual record is set, we are able to apply the facts to the law in the same manner as the trial court in the furtherance of judicial economy. See *City of Gainesville*, supra, 275 Ga. at 838 ("The de novo review standard advances judicial economy by recognizing that, in summary judgment cases, the factual record is set and the appellate courts can, as well as the trial courts, apply those facts to the law.").

"An insurer may reject coverage for a person expressly excluded from its policy. Provided that the exclusion agreement is supported by consideration between the parties, the exclusion is enforceable." (Citations omitted.) *Middlebrooks v. Atlanta Cas. Co.*, 222 Ga. App. 785, 786 (476 SE2d 82) (1996).

Here, the Cornerstone policy contained an exclusion for residents of the named insured's household that were not listed on the insured's application for insurance. The exclusion specifically provided that:

> In your application for insurance you were asked to list 'all persons age 15 and older, LICENSED OR NOT, who reside with the applicant, and any other drivers of the vehicle(s) on this application.' We will not provide coverage for any claim arising from an accident or loss involving a motorized vehicle being operated by a person age 15 and older, LICENSED OR NOT, who resided with the applicant at the time of the application. We will not provide coverage for any claim arising from an accident or loss involving a motorized vehicle being operated by a household resident who, at the time of the application, was not

7

listed on the application but who operated a vehicle listed on the application. THIS EXCLUSION APPLIES TO ANY CLAIM FOR DAMAGES MADE AGAINST YOU, A RELATIVE, OR ANY OTHER PERSON OR ORGANIZATION THAT IS VICARIOUSLY LIABLE FOR SUCH ACCIDENT.

(Emphasis in original.)

It is undisputed that Lockhart was over the age of 15 years and lived with his mother both on the date she completed the application, as well as on the date of the accident. It is also undisputed that Lockhart's mother failed to list Lockhart as a household resident on the insurance application even though she was required to do so. Lockhart's mother's acceptance of the policy, which contained the specific contract language, "[i]n consideration of the premium charged," and her payment of premiums was sufficient to establish consideration. See *Middlebrooks*, supra, 222 Ga. App. at 786. As a result, the clear and unambiguous exclusion related to unlisted household residents barred coverage for Lockhart's accident. Cf. *Middlebrooks*, supra, 222 Ga. App. at 786 (driver exclusion that was clear, unambiguous and supported by consideration was enforceable)*; Southeastern Security Ins. v. Empire Banking Co.*, 230 Ga. App. 755, 757 (3) (498 SE2d 282) (1998) (holding that coverage was excluded where insured failed to notify insurance company of all operators and household members as required).

8

3. Kovacs contends that Cornerstone's attempts to exclude coverage was against public policy. His claim is without merit.

> Exclusions are enforceable in insurance policies generally, except when public policy mandates otherwise. Competent parties are free to choose, insert, and agree to whatever provisions they desire in a contract, including insurance contracts, unless prohibited by statute or public policy.

(Punctuation omitted.) *Hix v. Hertz Corp.*, 307 Ga. App. 369, 371 (705 SE2d 219) (2010). Automobile insurance policy exclusions are not per se void as against public policy. See *Dairyland Ins. v. Blaylock*, 193 Ga. App. 175, 176 (2) (387 SE2d 405) (1989).

> Public policy may justify enlarging an insurer's risk where acts of the undisputed insured driver are concerned, but not necessarily so where an unauthorized driver who is not an insured under the policy is involved. This [C]ourt has previously affirmed declaratory judgment for the insurer where such an unauthorized and thus uncovered use of the vehicle occurred.

(Citation and punctuation omitted.) *Rogers v. Travelers Indem. Co.*, 202 Ga. App. 77, 79 (2) (413 SE2d 254) (1991); see also *Ison v. State Farm Fire & Cas.*, 230 Ga. App. 554, 555 (496 SE2d 478) (1998) (holding that driver exclusions, which are clear, unambiguous and supported by consideration, are enforceable and do not violate public policy or compulsory insurance laws).

9

Citing *Woody v. Georgia Farm Bureau Mut. Ins. Co.*, 250 Ga. App. 454, 455 (551 SE2d 836) (2001), Kovacs argues that the exclusion provisions in this case violated public policy because he had no health insurance to cover his medical bills and, therefore, was an unprotected innocent victim. In *Woody*, the insured driver was driving without a valid license when he struck an uninsured motorist. Id. at 454-455. This Court held that an unlicensed driver exclusion violated public policy because the victim would be left without any recourse to recover for his damages if the exclusion applied. Id. at 455-456. In this case, however, as the trial court found, there was no evidence in the record showing that Kovacs lacked access to other insurance funds.[1]

---

[1] After the trial court granted summary judgment to Cornerstone, Kovacs filed a motion for reconsideration and attached an affidavit stating that he did not have health insurance at the time of the accident. The trial court denied Kovacs's motion for reconsideration, and Kovacs did not enumerate that ruling as error. Since Kovacs's affidavit was filed after the order granting summary judgment was entered, it was not considered by the trial court in reviewing Cornerstone's motion for summary judgment, and issues raised therein will not now be considered by this Court. See *Glenn v. Maddux*, 149 Ga. App. 158, 159 (2) (253 SE2d 835) (1979); see also *Strickland v. DeKalb Hosp. Auth.*, 197 Ga. App. 63, 64 (1) (397 SE2d 576) (1990) (holding that an affidavit in opposition to a motion for summary judgment that is not served at least one day before the hearing "is barred by the Civil Practice Act from consideration as evidence unless the record discloses the trial court, in the exercise of its discretion, has allowed the affidavit to be served and considered.") (citations and punctuation omitted); *Mazdak Auto Towing & Svc. v. Midcontinental Group*, 231 Ga. App. 859, 860 (2) (501 SE2d 44) (1998) ("Untimely filed affidavits are barred unless the trial court permits them to be considered.") (citation omitted).

In any event, *Woody* is inapplicable to this case because Kovacs was not struck by the insured driver, Lockhart's mother. Rather, Kovacs was hit by Lockhart, whose use of the insured vehicle was unauthorized and uncovered under the unlisted driver's exclusion. Under these circumstances, public policy does not justify enlarging insurance coverage for Kovacs's injuries, and therefore, the unlisted driver's exclusion was enforceable. See *Rogers*, 202 Ga. App. at 79 (2); *Ison*, supra, 230 Ga. App. at 555.

Accordingly, although the trial court's grant of summary judgment was erroneously based on the non-permissive user exclusion, as discussed in Division 1 above, the trial court's ruling was nonetheless correct and is hereby affirmed under the "right for any reason" rule.

*Judgment affirmed. Ray and Branch, JJ., concur in judgment only.*

11