**FIRST DIVISION**
**BARNES, P. J.,**
**DOYLE, P. J., and LAND, J.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**June 20, 2023**

# In the Court of Appeals of Georgia

A23A0143. KINDLEY v. FIRST ACCEPTANCE INSURANCE COMPANY OF GEORGIA , INC.

A23A0144. FIRST ACCEPTANCE INSURANCE COMPANY OF GEORGIA, INC. v. NUNAN et al.

DOYLE, Presiding Judge.

After an automobile collision, First Acceptance Insurance Company of Georgia, Inc., sought a declaratory judgment that it did not have to cover damages because the at-fault driver was not a listed driver on the policy. The trial court denied First Acceptance's motion for summary judgment with respect to Brian Nunan, one of the injured parties, on public policy grounds, reasoning that he had no other avenue by which to recover for his injuries. The court granted First Acceptance's motion for summary judgment with respect to Earl Kindley, another injured party, because he presented no evidence regarding his insurance coverage. Both Kindley and First

Acceptance appeal from the summary judgment order. For the reasons set forth below, we affirm the trial court's grant of First Acceptance's motion for summary judgment with respect to Kindley, and reverse the trial court's denial of First Acceptance's motion for summary judgment with respect to Nunan.

Viewed in the light most favorable to the respective nonmoving parties below,[1] the record shows the following. In early September 2020, Janene Clark and her boyfriend, Akeem Walthour, moved into the same residence. On September 22, 2020, Clark applied for auto insurance with First Acceptance. The insurance application instructed Clark to list all household members age 15 or older, and warned her that First Acceptance may not provide coverage for unlisted drivers. Under the policy:

> Insured does not mean any driver who is not listed on the policy who also resides in the same household as you or who is a regular operator of any vehicle insured under this policy and is involved in an accident which occurs while the auto is being driven, operated, manipulated, maintained, serviced or used in any other manner by that person, regardless of whether or not the named insured is occupying the vehicle at the time the said driver is using it in any manner, whatsoever.[2]

---

[1] See *Griffin v. State Bank of Cochran*, 312 Ga. App. 87 (718 SE2d 35) (2011).

[2] (Punctuation and emphasis omitted.)

2

Despite living with Walthour, Clark did not list him in the application. A representative for First Acceptance attested in an affidavit that Clark's annual premium would have increased by $986 if she had added Walthour to the policy.

On October 9, 2020, Walthour, while driving Clark's vehicle, collided with a vehicle driven by Nunan. Kindley was a passenger in Nunan's vehicle. At the time of the collision, Walthour was driving the vehicle with Clark's permission. Nunan and Kindley later claimed damages against First Acceptance as a result of the collision.

First Acceptance filed a petition for declaratory judgment, seeking a ruling that it was not obligated to provide coverage because Walthour was not a listed driver under the policy. First Acceptance later filed a motion for summary judgment, which the trial court denied with respect to Nunan but granted with respect to Kindley.[3] The court reasoned that, even though the policy excluded Walthour, Nunan had no other avenues for recovery, and thus the exclusion was unenforceable against him on public policy grounds. However, as to Kindley, the court found that he had presented no evidence regarding his insurance coverage, or lack thereof. We granted First

---

[3] The trial court also granted First Acceptance's motion for summary judgment with respect to Myra Nunan, the owner of the car driven by Nunan. Myra Nunan did not appeal from the court's order.

3

Acceptance's application for interlocutory appeal, and these appeals from First Acceptance (Case No. A23A0144) and Kindley (Case No. A23A0143) followed.

> We review de novo a grant or denial of summary judgment, viewing the evidence and all reasonable conclusions and inferences drawn from it in the light most favorable to the nonmovant. Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. The burden on the moving party may be discharged by pointing out by reference to the affidavits, depositions and other documents in the record that there is an absence of evidence to support the nonmoving party's case. If the movant meets this burden, the nonmovant cannot rest on his pleadings, but rather must point to specific evidence giving rise to a triable issue.[4]

With these guiding principles in mind, we now turn to the parties' claims of error.

*Case No. A23A0144*

1. First Acceptance argues that the trial court erred in denying its motion for summary judgment with respect to Nunan. It contends that public policy does not justify enlarging insurance coverage for a collision caused by an unlisted driver.

---

[4] (Citations and punctuation omitted.) *Callaway Gardens Resort, Inc. v. Grant*, 365 Ga. App. 222, 223-224 (878 SE2d 65) (2022).

4

"Exclusions are enforceable in insurance policies generally, except when public policy mandates otherwise."[5] "An insurer may reject coverage for a person expressly excluded from its policy. Provided that the exclusion agreement is supported by consideration between the parties, the exclusion is enforceable."[6] Here, the insurance agreement provided that the premiums were consideration for insurance coverage, and a representative for First Acceptance attested that coverage for Walthour would have resulted in increased premiums. Thus, absent a public policy exception, the exclusion was enforceable.

In *Cotton States Mut. Ins. Co. v. Neese*, the Supreme Court of Georgia recognized that public policy may render certain exclusions unenforceable.[7] The Court relied on Georgia's compulsory insurance scheme, which requires owners of automobiles to maintain insurance at certain minimum levels.[8] The Court noted that

---

[5] *Hix v. Hertz Corp.*, 307 Ga. App. 369, 371 (705 SE2d 219) (2010).

[6] (Citations omitted.) *Middlebrooks v. Atlanta Cas. Co.*, 222 Ga. App. 785, 786 (476 SE2d 82) (1996).

[7] 254 Ga. 335, 341 (1) (329 SE2d 136) (1985).

[8] Id. at 337 (1). Although the General Assembly has amended Georgia's automobile insurance law since the Court's decision in *Neese*, the General Assembly maintained the compulsory insurance provision. See OCGA § 33-34-3.

5

"liability insurance [is] required by law not only for the benefit of the insured but to ensure compensation for innocent victims of negligent motorists."[9] The Court further recognized that "our compulsory insurance law established the public policy that innocent persons who are injured should have an adequate recourse for the recovery of their damages[.]"[10]

While noting that courts should be cautious in declaring contract provisions void as against public policy,[11] the Supreme Court of Georgia set forth three public interests a court should consider in determining whether an insurance provision contravenes public policy: "(1) as insureds, to limit the insurer's risks and thereby keep automobile insurance premiums as low as possible; (2) as members of the public in general to improve safety on the highways; and (3) as accident victims, to have access to insurance funds to satisfy their judgments."[12] Each type of insurance exclusion must be evaluated individually.[13]

---

[9] *Neese*, 254 Ga. at 337 (1).

[10] (Citation and punctuation omitted.) Id. at 341 (1).

[11] See *Neese*, 254 Ga. at 337 n.4 (1).

[12] Id. at 341 (1).

[13] See id. at 340 (1).

The insurance company in *Neese* sought to enforce an exclusion that would deny coverage in the event the insured sought to avoid apprehension or arrest.[14] The insured attempted to outrun a state patrol car, which resulted in a high speed chase.[15] The insured hit another car and killed the driver.[16] The deceased did not have automobile insurance.[17] After considering the three factors listed above, the Supreme Court of Georgia held that the exclusion was unenforceable against the deceased.[18] However, the Court limited the amount the deceased's estate could recover from the insurance company to the statutory minimum coverage.[19]

Since *Neese*, this Court has followed the Supreme Court's charge to interpret exclusions on a case-by-case basis in order to determine whether the exclusions were void for public policy reasons. Typically, this analysis has turned on whether the

---

[14] *Neese*, 254 Ga. at 336.

[15] Id.

[16] Id.

[17] Id.

[18] Id. at 341 (1).

[19] Id. at 342 (2).

7

injured innocent party had access to other insurance.[20] However, in some cases, this Court has enforced exclusions against innocent injured parties even where the injured party did not have access to other insurance.

In *Ison v. State Farm Fire & Cas. Co.*, an employer applied for auto liability insurance.[21] One of the employees did not qualify for coverage, and the insurer issued the policy specifically excluding the employee as an insured driver.[22] The employer nevertheless allowed the employee to drive a company vehicle.[23] The employee later struck and killed an innocent victim.[24] This Court held that the named driver

---

[20] Compare, e.g., *Auto-Owners Ins. Co. v. Jackson*, 211 Ga. App. 613, 614 (1) (440 SE2d 242) (1994) (intentional damage exclusion not void in light of available uninsured motorist coverage); *Travelers Ins. Co. v. Progressive Preferred Ins. Co.*, 193 Ga. App. 864 (389 SE2d 370) (1989) (unlicensed driver exclusion upheld because injured third party had access to other insurance coverage), with *Woody v. Ga. Farm Bureau Mut. Ins. Co.*, 250 Ga. App. 454, 456 (551 SE2d 836) (2001) (unlicensed driver exclusion void for public policy as to innocent injured party because the injured party did not carry uninsured motorist coverage). But see *Gen. Car & Truck Leasing Sys. v. Woodruff*, 214 Ga. App. 200, 203 (447 SE2d 97) (1994) (holding that "a blanket exclusion for any violation of the motor vehicle code is void as against public policy regardless of whether other insurance coverage is available").

[21] 230 Ga. App. 554 (496 SE2d 478) (1998).

[22] Id. at 554-555.

[23] Id. at 555.

[24] Id.

8

exclusion was not void for public policy reasons regardless of the availability of other insurance to the injured party.[25] The Court reasoned that "a named driver exclusion is analogous to there being no policy at all with respect to the named excluded driver; conversely, the other exclusions [which might be void for public policy reasons] address behavior of the insured . . . who has a direct connection with an existing policy."[26]

In *Kovacs v. Cornerstone Nat. Ins. Co.*, which is persuasive precedent only, the insured failed to list her 17-year-old son on the policy, despite an unlisted driver exclusion similar to the one in this case.[27] The insured's son drove the car without his mother's permission and struck a pedestrian.[28] This Court held that the unlisted driver exclusion was enforceable and that public policy did not justify enlarging insurance coverage for the pedestrian's injuries.[29] This Court noted that our prior decision in

---

[25] Id. at 555-556.

[26] Id. at 556.

[27] 318 Ga. App. 99, 100 (736 SE2d 105) (2012) (physical precedent only); see Court of Appeals Rule 33.2 (a) (2).

[28] *Kovacs*, 318 Ga. App. at 100.

[29] Id. at 104-105 (3).

9

*Woody* was distinguishable "because [the pedestrian] was not struck by the insured driver[.]"[30]

Here, after considering *Ison* and *Kovacs*, the factors set forth in *Neese*, and the general principle that courts should only declare a contract provision void for public policy reasons "in cases free from doubt[,]"[31] we conclude that the unlisted driver exclusion in this case was not void, regardless of Nunan's access to other insurance.[32] Like the drivers in *Ison* and *Kovacs*, Walthour was not the named insured and was never covered under the policy. Moreover, "the exclusion did not attempt to exclude coverage based on the particulars of how the accident occurred, or based on the manner of [Walthour's] driving; it simply removed [Walthour] completely from the category of insured."[33] Accordingly, we reverse the trial court's denial of First Acceptance's motion for summary judgment with respect to Nunan.

*Case No. A23A0143*

---

[30] Id. at 104 (3) (citing *Woody*, 250 Ga. App. at 455).

[31] *Jones v. Federated Mut. Ins. Co.*, 346 Ga. App. 237, 243 (2) (b) (816 SE2d 105) (2018).

[32] See *Kovacs*, 318 Ga. App. at 105 (3); *Ison*, 230 Ga. App. at 556.

[33] See *Progressive Preferred Ins. Co. v. Browner*, 209 Ga. App. 544, 546 (433 SE2d 401) (1993).

10

2. Kindley argues that the trial court erred in granting summary judgment in favor of First Acceptance. He contends that the trial court should have declined to enforce the unlisted driver exclusion on public policy grounds because he had no other avenue for recovery.

As explained in Division 1 above, the unlisted driver exclusion was not void for public policy reasons. Additionally, unlike Nunan, Kindley did not tender any evidence showing that he lacked access to other insurance funds.[34] Exclusions are generally enforceable when the injured party has access to other insurance.[35] Accordingly, the trial court did not err in enforcing the unlisted driver exclusion against Kindley.

3. Kindley argues that the living arrangement between Walthour and Clark was ambiguous and thus a fact question for the jury.

---

[34] See *Callaway Gardens*, 365 Ga. App. at 224 ("[T]he nonmovant [to summary judgment] cannot rest on his pleadings, but rather must point to specific evidence giving rise to a triable issue[.]") (citations and punctuation omitted).

[35] See, e.g., *Hoque v. Empire Fire & Marine Ins. Co.*, 281 Ga. App. 810, 812 (637 SE2d 465) (2006) (intrafamily exclusion enforceable when injured third party had access to other insurance); *State Farm Mut. Auto. Ins. Co. v. Drawdy*, 217 Ga. App. 236, 239 (2) (456 SE2d 745) (1995) (lack of notice exclusion enforceable when uninsured motorist coverage available); *Auto-Owners Ins. Co. v. Jackson*, 211 Ga. App. 613, 614-615 (1) (440 SE2d 242) (1994) (intentional damage exclusion not void in light of available uninsured motorist coverage).

11

Both Walthour and Clark attested that they lived in the same household. Kindley does not point to any contrary evidence. While Kindley argued in his summary judgment brief that Walthour and Clark's affidavits were insufficient to establish residence, Kindley's counsel abandoned this argument at the hearing by stating that counsel had "no reason to dispute" that Walthour was a resident of Clark's household.[36] As such, the trial court did not err in finding that Walthour and Clark lived in the same household.

In summary, the unlisted driver exclusion in this case was not void for public policy reasons, regardless of the injured parties' access to other insurance. We thus affirm the trial court's grant of First Acceptance's motion for summary judgment with respect to Kindley, and reverse the trial court's denial of First Acceptance's motion for summary judgment with respect to Nunan.

*Judgment affirmed in Case No. A23A0143. Judgment reversed in Case No. A23A0144. Barnes, P. J., and Land, J. concur.*

---

[36] See *State v. Dowdell*, 335 Ga. App. 773, 775 (1) (783 SE2d 138) (2016) (noting that the State abandoned an argument at the hearing); *Mullins-Leholm v. Evans*, 322 Ga. App. 869, 872 (3) (746 SE2d 628) (2013).